BURRELL TATE v. STATE.

No. 2020. Decided November 20, 1912.

Rehearing Denied December 18, 1912.

**Theft of Cattle—Accomplice—Charge of Court.**

Where, upon trial of theft of cattle, the evidence did not tend to show that the State's witness was an accomplice, there was no error in the court's failure to submit the question of accomplice to the jury.

Appeal from the District Court of Cottle.   Tried below before the Hon. J. A. P. Dickson.

Appeal from a conviction of theft of cattle; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. J. Hathaway,* for appellant.—On question of the court's failure to instruct on accomplice testimony : Phillips v. State, 17 Texas Crim. App., 169; Burke v. State, 15 id, 156; Winn v. State, 15 id, 169; Smith v. State, 45 S. W. Rep., 707; Rios v. State, 48 S. W. Rep., 505; Johnson v. State, 58 Tex. Crim. Rep., 244; 125 S. W. Rep., 16.

*C. E. Lane,* Assistant Attorney-General, for the State.

PRENDERGAST, JUDGE.—Appellant was convicted of cow theft and given the lowest penalty.

As stated by appellant in his brief, the sole question in this case was whether or not the evidence showed or tended to show that the State's witness Hobbs was an accomplice in the theft so as to require the court to submit that question to the jury.   The court charged that Stanfield was an accomplice and gave a correct charge as to the necessity of the corroboration of his testimony.   No complaint is made of this.

We have carefully studied the evidence in this case and in our opinion the evidence does not show or tend to show that Hobbs was an accomplice so as to authorize or require the court to submit that question to the jury, and the court did not err in not submitting it to the jury.   It is unnecessary to recite the evidence.   It in no way connects Hobbs with the theft so as to show or tend to show that he had anything to do therewith or was in any way an accomplice in the theft.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied December 18, 1912.—Reporter.]