## PLEAS OSBY v. THE STATE.

### No. 6071.  Decided January 26, 1921.

**1.—Burglary—Charge of Court—Breaking—Practice on Appeal.**

Where, upon trial of burglary, the defendant contended that there was no testimony calling for the court's charge on breaking, giving the statutory definition thereof, but the record showed that there was evidence of such breaking, this supported the charge and there was no reversible error.

**2.—Same—Sufficiency of the Evidence.**

Where, upon trial of burglary, the evidence was sufficient to sustain the conviction of that offense, under a proper charge of the court, there was no reversible error.

Appeal from the District Court of Henderson.  Tried below before the Honorable John S. Prince.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

No brief on file for appellant.

*Alvin M. Owsley,* Assistant Attorney General, for the State.

LATTIMORE, JUDGE.—Appellant was convicted of burglary in the District Court of Henderson County, and his punishment fixed at two years confinement in the penitentiary.  There is no brief on file for the appellant.

For the stated reason that there was no testimony calling for same, complaint is made in motion for new trial of the action of the court below in submitting to the jury the statutory definition of "breaking." The only other contentions in this record are that the evidence fails to

support the verdict or to authorize the submission of the issue of burglary to the jury. The owner of the house alleged to have been burglarized testified that his store house was "broken into about the 23rd of March;" and also testified that "they broke the window and entered there;" and also stated that this was in the night-time. In our opinion, this supports the charge as given.

The evidence also shows that on the night said store house was entered, a witness saw two men carrying sacks near the burglarized store, one of whom he testified he took to be appellant, and the other a negro, William Suber. It was a rainy night. The next morning tracks of two men were discovered near the window of said store and followed out to the neighborhood of the Suber house. Another witness testified that he was watching appellant and William Suber during the day after the burglary, and saw them go to a point near the Suber home where a large log was in the woods, and saw Suber pull up a sack near said log and get therefrom a pair of shoes; appellant being at that time about fifteen feet from the point where said shoes were in said sack. After the parties had gone this witness went to said log and found there two sacks containing shoes and overalls, which he says he carried and delivered to Mr. Dickerson, the owner of the burglarized premises. Mr. Dickerson testified that said witness delivered to him two sacks containing shoes and overalls, and that same was his property and was the property taken from said store on the night of the burglary. In addition to this, the tracks of appellant, made after he was arrested, were measured and compared with the tracks found near the burglarized store the morning after said burglary, and were found to correspond. We think these facts amply justified the jury in its conclusion as to the guilt of appellant.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*