### Henry Smith v. The State.

No. 7905.   Decided November 21, 1923.

Rehearing denied December, 1923.

**Burglary—Bills of Exception—Evidence—Charge of Court.**

It was permissible for the State, in a trial of burglary. to show that upon the premises of each of the other two men suspected with defendant was found a part of the stolen goods, and that part was found hidden in the pasture on appellant's place, and to refuse a peremptory charge to acquit, and a requested charge singling out particular testimony.

Appeal from the District Court of Titus.   Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*J. F. Wilkinson* and *Jno. A. Cook,* for appellant.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Titus County of burglary, and his punishment fixed at two years in the penitentiary.

The case is upon circumstantial evidence.   The store of Mrs. Russell was broken and entered in the night-time; tracks of an automobile went from the rear door of the store.   Car tracks similar were found the next morning at appellant's place; some of the stolen goods were found in a tree top in appellant's pasture.   The State's theory of the case was that appellant and two others acted together in the alleged burglary; it was shown that appellant in a car with two other men was seen going toward the town in which the burglar-

ized store was situated, in the afternoon preceding the burglary; early the next morning appellant was seen at the home of one of the other men suspected; he and the other two men in question were handling some goods; a quantity of the goods from said store was found in the house of one of the other men supposed to have been engaged in the enterprise. These facts seem to justify the conclusion of guilt. We do not think the learned trial judge in error in admitting testimony of the finding of part of the stolen property at the home of one of the other men suspected of complicity with appellant. Likewise we think it permissible to show that shortly after sunrise the morning following the burglary, appellant and the two men suspected of acting with him were seen together at the home of one of said men handling what looked like drygoods.

Appellant's bill of exceptions No. 3 is in question and answer form and will not be considered. In our opinion it was permissible for the State to show that upon the premises of each of the other two men suspected with appellant, was found a part of the·stolen goods and that part was found hidden in the pasture on appellant's place. The refusal of a peremptory motion for an instruction of not guilty was correct. The refusal of a special charge singling out a particular circumstance in the case and asking that the jury be instructed that said circumstance alone would not warrant a conviction, was correct. Such a charge would have been on the weight of the evidence.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*

[Rehearing denied December 1923. Reporter.]