DAVID BROWN and SUSAN CHAMBLESS V. THE STATE.

No. 19340.  Delivered February 2, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*H. J. Bernard* and *B. L. Palmer,* both of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—Conviction for a misdemeanor; punishment being assessed against each of the appellants at a fine of $100.

The proof on the part of the State was sufficient to warrant the conclusion of the court that the defendants operated an open saloon, as charged in the complaint and information.

The trial was before the court without the intervention of a jury. Appellants contend that the judgment is fatally defective in failing to show that the court found them guilty and assessed against each of them a fine of $100. In our opinion, the judgment, in its entirety, discloses that the trial judge found the appellants guilty and assessed a fine against each of them in the sum of $100. Following the finding of the court, the judgment is irregular in referring to the appellants as "the defendant." The judgment is therefore reformed to show that the State of Texas shall have and recover from each of the defendants a fine of $100.

Appellants contend that the complaint and information are insufficient. In the case of A. Lamantia v. The State of Texas, Opinion No. 19274, this day delivered [133 Texas Crim. Rep. 573], we sustained a complaint and information charging the offense in substantially the same language as it is herein charged.

As reformed, the judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, JUDGE.—Appellants complain in their motion for a rehearing of a variance between the complaint and information in that in the second count of the complaint the following phrase is used: "said premises being then and there a place where intoxicants manufactured in whole or in part by means of the process of distillation," and in the third count of such complaint the phrase is changed only in the words "in whole *and* in part," and in the third count of the information the phrase is used as "in whole *or* in part." His contention being that the phrase should read in all the counts "in whole and in part."

From a reading of the statute, Article 666-3, Vernon's Texas Penal Statutes 1936, we find the term "open saloon" defined in part as follows: "The term 'open saloon,' as used in this Act, means any place where any intoxicants whatever, manufactured in whole or in part by means of the process of distillation, or any liquor composed or compounded in part of distilled spirits, is sold," etc.

The complained of phrase can be treated as surplusage and completely eliminated from all the counts in both the complaint and information and we still have a good pleading upon which

the judgment can be predicated. The allegation being "said premises being then and there a place where intoxicants (manufactured in whole or in part, by means of the process of distillation,) and liquor composed and compounded in part of distilled spirits, was sold," etc. Upon the elimination of the parenthesis part of the above, the parentheses being ours, you still have an offense denounced by the above quoted statute, that is, that liquor composed and compounded in part of distilled spirits was there sold.

That whisky was purchased at such place from the appellants is amply proven; that whisky is an intoxicant, we have heretofore often held. See Branch's Ann. P. C., Sec. 1237, p. 700, and cases there cited. The chemist testified that the contents of certain bottles brought to her and identified as having been bought from appellants, was whisky; that the said bottles contained distilled spirits and intoxicants. She further testified that one of the bottles contained as high as 45 per cent. alcohol by volume. We can eliminate as surplusage the complained of portion of the complaint and information and still have an offense denounced by statute.

The motion for rehearing is overruled.