CHARLES MIKE MARTIN AND OTTO F. STRAMEK v. THE STATE.

No. 23767. Delivered November 12, 1947.
Rehearing Denied December 17, 1947.

208

*Dawson & Hatten, E. J. Decoux,* and *Alvin R. Dawson,* all of Houston, for appellants.

*A. C. Winborn,* Criminal District Attorney, and *A. L. Schroeder* and *E. T. Branch,* Assistant Criminal District Attorneys, all of Houston, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of contributing to the delinquency of a girl under the age of seventeen years, and the punishment assessed against each of the defendants is confinement in the county jail for a period of ninety days.

Appellants bring forward two complaints. The first of which relates to the court's action in overruling their motion to quash the complaint and information. The second relates to the sufficiency of the evidence to sustain their conviction. We will discuss these questions in the order presented.

The information which is in the language of the complaint, omitting the formal parts, reads as follows: "That Charlie Mike Martin and Otto F. Sramek heretofore on or about the 14th day of January, A. D. 1947, in said county of Harris and State of Texas, did then and there encourage and contribute to the delinquency of a minor, to-wit, Mary Lucille Tilotta, the said Mary Lucile Tilotta then and there being under the age of seventeen years, by then and there soliciting, inviting, inducing, encouraging and causing her to drink intoxicating liquor, to-wit, beer and whiskey, and by then and there giving to her, the said Mary Lucille Tilotta the said beer and whiskey, and the said Mary Lucille Tilotta did then and there drink beer and whiskey, the said Mary Lucille Tilotta being then and there delinquent, in that the said Mary Lucille Tilotta was then and there under the age of seventeen years who engaged in the acts aforesaid, each of the acts aforesaid then and there tending to debase and

injure the morals, health, welfare and character of such minor child."

This prosecution was based on Art. 534, Vernon's Ann. Tex. P. C. which provides as follows:

"In all cases where any child shall be a 'Delinquent child' or a 'neglected child' as defined in the Statutes of this State, or when any person is an habitual drunkard or an addict to cocaine, morphine or other narcotics, and in all cases where a child is caused to become a delinquent child or a dependent and neglected child under the age of seventeen years, whether previously convicted or not, the parent, guardian or person having the custody of, or the person responsible for such child, habitual drunkard or narcotic addict, or any person who by any act encourages, causes, acts in conjunction with, or contributes to to the delinquency, dependency or the neglect of such child, habitual drunkard or narcotic addict, or who shall in any manner cause, encourage, act in conjunction with or contribute to the delinquency, dependency or the neglect of any such child under the age of seventeen years, or habitual drunkard or narcotic addict shall be fined not exceeding five hundred ($500.00) dollars or be imprisoned in jail not to exceed one year or both. By the term delinquency as used herein is also meant any act which tends to debase or injure the morals, health or welfare of such child, habitual drunkard or narcotic addict, and includes the use of tobacco in any form, drinking intoxicating liquor, the use of narcotics, going into or remaining in any bawdy house, assignation house, disorderly house, or road house, hotel, public dance hall where prostitutes, gamblers or thieves are permitted to enter and ply their trade, going into a place where intoxicating liquors or narcotics are kept, drank, used or sold or associating with thieves and immoral persons or cause them to leaving home or to leave the custody of their parents or guardian or persons standing in lieu thereof without first receiving their consent or against their will or who by undue influence, cause such habitual drunkard or narcotic addict to unlawfully co-habit with any person known to them to be an habitual drunkard or narcotic addict, and any other act which would constitute such a child a delinquent or cause it to become delinquent by committing such act."

It will be noted that under and by virtue of the article of the penal code herein quoted that any person who shall in any manner cause, encourage or contribute to the delinquency of

such child shall be fined not exceeding five hundred dollars or be imprisoned in jail not to exceed one year, or both. By the term "delinquency," as used therein is meant any act which tends to debase or injure the morals, health or welfare of such child and includes the use of tobacco in any form, and drinking intoxicating liquor. The complaint and information in this case charge the offense in the language of the statute which is ordinarily sufficient. Appellants also contend that the information is insufficient in that it failed to charge the alleged delinquent child to be over ten years of age. This is not necessary in a case of this nature, but only under the statute defining a juvenile. We, therefore, overrule this contention.

The next question is the sufficiency of the evidence. The statement of facts shows that appellants took two girls, to-wit, Mary Lucille Tilotta and Loretta Young, carried them to the Paradise Courts in the City of Houston about 3:00 A. M. on January 14th where one of the defendants procured a cabin for them and there the girls spent the remainder of the night; that about 3 or 4 P. M. the appellants came to the cabin, ordered some beer and whiskey which they encouraged or induced the girls to drink. They then discussed with them a trip to Mexico in Charlie Mike Martin's automobile, but they did not have enough money to defray the expenses of the trip. They suggested to Mary Lucille Tilotta to write a check and sign her father's name thereto which she at first declined to do, but at their behest she did write a check on the City National Bank in the sum of $20.00 which she signed "Mrs. S. Tilotta by Margie Tilotta" and endorsed it, and then cashed it at the Buckhorn Food Shop. They also induced her to draw another check on the First National Bank in the sum of $18.00 by signing it in the same manner as the first one. This check was cashed by Thomason's Food Shop. With some of the money thus obtained appellants purchased beer at different places and also some whiskey which they drank and then started to Mexico. They arrived at Reynosa on Thursday and came back to McAllen on Saturday where the girls were apprehended and taken back to Houston. The State used both of the girls as witnesses and rested. Appellants did not testify or offer any affirmative defense. It is their contention that both of the girls are accomplice witnesses and that their testimony alone without being corroborated is insufficient to sustain the conviction. If both of the girls fall within the catagory of accomplices, then there may be some merit in their contention, but we do not believe Loretta Young to be an accomplice. The act on the part of appellants in contributing to the delinquency of Mary Lucille Tilotta was

a separate and distinct offense from the one in which they contributed to the delinquency of Loretta Young. Loretta may have participated with appellants in the act of contributing to her delinquency, but not to that of Mary. Appellants, in this case, were tried for the offense of contributing to the delinquency of Mary Lucille Tilotta. There is not any evidence that Loretta Young in any way induced Mary Lucille Tilotta to drink any beer or whiskey or do any act which contributed to the delinquency of Mary Lucille Tilotta. Of course, she was present, but mere presence at the scene of an offense does not constitute one an accomplice. See Ham v. State, 4 Tex. App 645; Tate v. State 68 Tex. Cr. R. 561; Smith v. State, 28 Tex. App. 309; Schackey v. State, 41 Tex. Cr. R. 255; and O'Connor v. State, 28 Tex. App. 288.

Now, the question before this court is, Were both of the girls accomplice witnesses? Mary, no doubt, was an accomplice because she engaged in the acts contributing to her own delinqueny. See Gallager v. State, 131 Tex. Cr. R. 254. Loretta was also an accomplice to acts contributing to her own delinquency, but can it be said that she was an accomplie witness on the trial of the case wherein appellants were charged with contributing to the delinquency of Mary? It is true she was present, but mere presence and acquiescence does not make one an accomplice witness. It is also true that she drank the intoxicating liquor furnished by appellants, and this constituted her an accomplice in contributing to her own delinqueny, but can it be said that this also constituted her an accomplice witness as to the acts committed by appellants which contributed to Mary's delinquency? If so, why? She would necessarily have to do something which brought her within the category of an accomplice witness. The mere drinking of intoxicating liquor would not constitute her an accomplice in the case insofar as it related to Mary.

We realize that the court has made a distinction between an accomplice to the offense and an accomplice witness. Nevertheless, to constiute one an accomplice witness he must do something besides being present and acquiescing in the commission of the offense. What is there in this case that constitutes Loretta an accomplice witness? Nothing, at least the record fails to show that she did anything but drink some of the beer and whiskey given her by appellants.

Believing that the evidence is sufficient to sustain the conviction, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

By motion for rehearing, appellants contend, for the first time, that the judgment is void and unenforceable because it fails to show that the court found each of them guilty and as-assessed the punishment against each.

The trial was joint and to the court, without the intervention of a jury.

The judgment affirmatively reflects the following finding, which is tantamount to a jury's verdict, viz.:

"The Court having heard the information read and evidence submitted, finds the defendant guilty of Contributing to the delinquency of a minor and assesses the punishment at ninety days in jail each."

Upon this finding, the judgment fixed such punishment against "the defendant," rather than against "the defendants."

Such a defect is but an irregularity in the judgment and may be corrected in this court. Brown, et al, v. State, 134 Tex. Cr. R. 147, 114 S. W. (2d) 879.

Accordingly, the judgment is reformed so as to fix the punishment of each of the defendants at ninety days' confinement in the Harris County jail.

As so reformed, the judgment is affirmed and appellants' motion for rehearing is overruled.

Opinion approved by the Court.