Mrs. Zuma BITNER et vir, Appellants,

v.

W. R. HINES, d/b/a Royal Crown Bottling Company, Appellee.

No. 13003.

Court of Civil Appeals of Texas.

Galveston.

July 12, 1956.

Rehearing Denied Sept. 20, 1956.

L. L. Moore, Kennedy & Granberry and F. P. Granberry, Crockett, for appellants.

Adams & Price and William H. Price, Crockett, for appellee.

HAMBLEN, Chief Justice.

This appeal is from an order of the District Court of Houston County sustaining appellee's plea of privilege to be sued in Angelina County. Appellants instituted the suit to recover for damages allegedly suffered by Zuma Bitner as a result of drinking a contaminated soft drink which had been manufactured and sold by appellee. Appellants state the case substantially as follows.

Appellant Zuma Bitner drank a portion of a bottle of Royal Crown Cola on August 10, 1953, and became "deathly sick" almost immediately thereafter; the bottle had not been opened prior to that time; the beverage had been bought by appellant B. H. Bitner from a retail merchant, J. E. Crowson, on August 7, 1953, and he testified that the bottle had not been opened previously. J. E. Crowson testified that he was a merchant in Houston County and sold this bottle of beverage to B. H. Bitner and that he, Crowson, bought same from Loyd Rains during 1953. He testified that the bottle had not been opened and recapped. Loyd Rains bought the bottle of beverage from the defendant and that he had never sold Crowson any bottles of beverages that had been opened and recapped.

The beverage was bottled at Lufkin, in Angelina County, by the defendant and was there loaded onto Rains' truck. Except for the manufacturing in Angelina County and the loading of same onto Rains' truck and the transportation thereof to Houston County, all the transactions testified about took place in Houston County.

The beverage was contaminated by a "slimy lot of something, I don't know what" and "it looked like it had wings and long legs, kind of a body, it had deteriorated in the drink."

Appellants controverted appellee's plea of privilege, asserting that an exception to the general rule of venue existed under the provisions of Section 9 of Article 1995, Vernon's Ann.Tex.Civ.St. They attack the judgment of the trial court in three points of error which have been grouped for presentation. The substance of such points is that the proof above summarized compels a finding that this suit is based upon a crime or offense committed by appellee in Houston County, and that therefore the trial court erred in sustaining the plea of privilege. For reasons which we will state, we are of the opinion that appellants' points must be overruled.

Appellants concede that on this appeal it must be presumed that the trial court made such findings of fact in support of the judgment as are supported by the evidence. They likewise acknowledge that the burden of proof rests upon them to prove the commission of a crime or offense by the appellee in Houston County.

It will be noted from the statement of the case above summarized that appellants relied upon the doctrine of res ipsa loquitur to establish the facts upon which they rely. Their pleadings are likewise so framed. It appears to be established law in this jurisdiction that in those cases wherein the doctrine of res ipsa loquitur is applicable proof such as appellants here offered, while it will sustain a finding by the trier of the facts, does not compel a finding. The rule is summarized by the Commission of Appeals in Gulf, C. & S. F. Ry. Co. v. Dunman, Tex.Com.App., 27 S.W.2d 116, 118, 72 A.L.R. 90, as follows:

"'In our opinion, res ipsa loquitur means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. Res ipsa loquitur, where

it applies, does not convert the defendant's general issue into an affirmative defense. When all the evidence is in, the question for the jury is whether the preponderance is with the plaintiff.'"

The rule as quoted was approved in Wichita Falls Traction Co. v. Elliott, Tex. Com.App., 125 Tex. 248, 81 S.W.2d 659, 664, wherein the following language is employed: "It is now well settled, however, in this state that in a proper case for the application of the rule the fact of the occurrence warrants an inference of negligence, but does not compel it; * * *." In its opinion, which was adopted by the Supreme Court, the Commission cites numerous authorities in support of its conclusion.

■ The crime or offense relied upon by appellants to maintain venue in Houston County, is the asserted violation by appellee of the provisions of Article 706, Chapter 2, Title 12 of the Penal Code of Texas 1925, as amended, Vernon's Ann.P.C. art. 706. In the light of the rule hereinabove stated referable to the doctrine of res ipsa loquitur, we are of the opinion appellants' proof warrants, but does not compel, a finding of the commission of a crime or offense by appellee. It must, therefore, be presumed, in view of the judgment rendered, that the trial court found that appellee did not commit a crime or offense.

While we are of the opinion that the conclusions above stated are determinative of this appeal, there exists another basis upon which the trial court's judgment must be sustained. Article 706 together with Article 717 of the Penal Code, make it a misdemeanor for any person, firm or corporation to (1) manufacture for sale; (2) have in possession with the intent to sell; (3) offer or expose for sale; or (4) sell or exchange, any article of food or drug which is adulterated, as therein defined. In order to maintain venue in Houston County, appellants concede that they must prove a violation by appellee of such statute in one or more particulars, and that such violation must have been committed in Houston County. So far as this record reflects, appellee was never physically present in Houston County. The manufacture, as well as the sale by appellee of the allegedly adulterated product, admittedly took place in Angelina County, where appellee resided. The possession with intent to sell, and the sale in Houston County, which alone can constitute the crime or offense here involved, were had and done by either Rains, the distributor, or Crowson, the retailer. Appellants, however, seek to connect appellee with the asserted crime as an accomplice. The relationship of principal and accomplice, it is claimed, arises as a result of an agreement or understanding between Rains and appellee under the terms of which Rains was to have the exclusive right to distribute appellee's product in Houston County. In their brief, we find the following statement: "The sole connection of Appellee with the injuries suffered was that he manufactured, bottled and sold the contaminated beverage in Angelina County, knowing and intending that it would be offered for sale in Houston County, since Rains, to whom Hines made the sale, was the exclusive distributor in Houston County."

■ It appears to be the law that there is no distinction between principals and accomplices in misdemeanors; a party who would be an accomplice if the offense was a felony is a principal if the offense is a misdemeanor. If the defendant comes within either the definition of an accomplice or a principal he is a principal in a misdemeanor. Branch's Annotated Penal Code, Section 699. However, appellee manifestly does not fall within the definition of a principal, due to his complete absence at the time of the commission of the alleged crime. To be subject to prosecution at all, he must come within the definition of an accomplice, as set forth in Article 70, of the Penal Code.

■ We are of the opinion that, aside from the fact that the record does not compel a finding that a crime was committed, the record fails to establish, in any degree, the relationship of principal and accomplice

between Rains and appellee. This because there is no evidence of any knowledge or intent on the part of appellee to commit a crime. Without burdening this opinion by stating the provisions of Article 70, which defines the term "accomplice", we state it to be our construction of that statute, as it appears to have been construed likewise by the Texas Court of Criminal Appeals, that knowledge and criminal intent must be established in order to convict any person as an accomplice. In Holmes v. State, 70 Tex. Cr.R. 214, 156 S.W. 1172, for instance, it is stated that an accomplice is a person who knowingly, voluntarily, actively, and with criminal intent unites with the principal offender in the commission of a crime. To the same effect are Tate v. State, 68 Tex. Cr.R. 561, 151 S.W. 825; Minter v. State, 70 Tex.Cr.R. 634, 159 S.W. 286, and Liegois v. State, 73 Tex.Cr.R. 142, 164 S.W. 382.

In the present case, the only connection between appellee and Rains is the exclusive distributorship agreement between them. While the terms of such agreement are not proven, it is nowhere contended that such agreement in any manner contemplated the commission of any crime. Aside from some possible violation of our anti-trust laws, with which we are not here concerned, the agreement, so far as this record reflects, relates to legitimate business relationship between the parties.

Appellants call to our attention the fact that Article 717 expressly provides that it shall not be necessary for the indictment to allege or for the State to prove that the act or omission was knowingly done or omitted, and that consequently a mistake of fact, as set forth in Article 41 of the Penal Code, is a matter of affirmative defense. Appellants' argument appears to us to be correct only as applied to one sought to be convicted as a principal. In order to maintain venue under the crime provision of Section 9, Article 1995, appellants must necessarily establish that appellee was an ac-

complice to the commission of a crime in Houston County. To do so they must show criminal intent. In this they have failed. It is in this regard that this case is distinguishable from Baldwin v. Richardson, 39 Tex.Civ.App. 348, 87 S.W. 353, and Phillips v. State, 73 Tex.Cr.R. 627, 167 S.W. 353, which are relied upon by appellants.

Judgment affirmed.

CODY, J., not sitting.