**Willie Edmond O'DELL, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43587.**

Court of Criminal Appeals of Texas,

May 26, 1971.

Grady Hight, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Roger Crampton and John Garrett Hill, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of burglary; the punishment, enhanced under Art. 62 Vernon's Ann.P.C., was assessed at 12 years.

The record reflects that the Sherwin-Williams Paint Store, at 2702 West Seventh Street in Ft. Worth, was burglarized between 6 P.M. on April 23rd and the early morning hours of April 24, 1969, and thereafter the building was burned.

Appellant and Elmer Sweeney left the Sundown Lounge, adjacent to the paint store, at approximately 11:30 P.M. Appellant later told Patty Vaccaro, a female companion whom he had accompanied to the lounge, that he had intended to return but Elmer wanted to "go up on the paint store." About 30 minutes to an hour after leaving the lounge, appellant was seen in the doorway of the paint store and was then seen going toward the parking lot in a direction away from the door. Appellant then told several people who were standing around to leave the premises and said Elmer was going to burn the place. He asked one of his friends to go get a pickup truck and assisted in getting the pickup near the back door where the store's safe had been removed. Shortly after he directed his friends to leave the parking lot, the paint store building exploded into flames and began to burn. Appellant and Elmer Sweeney ran in a direction away from the

store and Sweeney had a camera and a finger support for a filter assembly (later identified as having been in the store) with him. Appellant told some of his friends that there was not enough money taken to split, and was heard to tell Elmer Sweeney that he was stupid for taking the camera. The camera and finger support for a filter assembly were recovered from Sweeney.

Appellant alleges eight grounds of error.

■ The first ground of error alleges that the trial court erred in refusing permission to discuss the penalty provided by Art. 62, V.A.P.C., during the voir dire examination of the jury. He did not request the voir dire examination be taken by a court reporter, nor does he cite any cases holding such action of the trial court to be reversible error. The question is not properly before this court on appeal. Art. 40.09, Sec. 4, Vernon's Ann.C.C.P.; Martin v. State, Tex.Cr.App., 452 S.W.2d 481; Joseph v. State, Tex.Cr.App., 442 S.W.2d 397. However, if the assignment was before us, no error was committed. Art. 37.07, Sec. 1, V.A.C.C.P. states in part:

" * * * If the plea is not guilty, they (the jury) must find that the defendant is either guilty or not guilty, and, except as provided in Sec. 2, they shall assess the punishment in all cases *where the same is not absolutely fixed by law* to some particular penalty." (Emphasis supplied)

Art. 62, supra, states:

"If it be shown on the trial of a felony less than capital that the defendant has been before convicted of the same offense, or one of the same nature, the punishment on such second or other subsequent conviction shall be the highest which is affixed to the commission of such offenses in ordinary cases."

Therefore, it would be entirely improper to discuss the result of a punishment that is absolutely fixed by law. The only function of the jury thereunder is to determine if there had been a prior conviction

"of the same offense, or one of the same nature," of appellant then on trial.

The first ground of error is overruled.

Secondly, appellant contends that the court erred by overruling his motion for a mistrial, made after a member of the Ft. Worth Fire Department stated that a fire was started "to cover up a burglary."

The record reflects that T. L. Matthews, an Arson Investigator with the Ft. Worth Fire Department, testified that he arrived upon the scene at approximately 3:20 A.M. and examined the building remains. Thereafter the following appears in the record:

"Q. (By the Prosecutor) Did you have an occasion to find a safe?

"A. Yes sir, I did.

"Q. Will you describe this safe—the condition of the safe?

"MR. HIGHT: Your Honor, the best evidence would be the photograph of it already in evidence. I would again like to object because this is immaterial and does not bear on the issue of whether there was a burglary or who committed the burglary, if any.

"THE COURT: I'll let him describe it.

"Q. (By Mr. Tompkins) Describe the condition of the safe, if you will?

"A. The safe was on it's side, turned over near the back door. The door of the safe was open and the side of the safe was knocked in.

"Q. And did you make an inspection of the premises there?

"A. Yes, I did.

"Q. How long have you been with the Fire Department, Mr. Matthews?

"A. Twenty eight years.

"Q. How long have you been an investigator of arson cases?

"A. Fifteen years.

"Q. Based on your background and experience, did you form an opinion as to the origin of this fire?

"MR. HIGHT: Once again, Your Honor, we object on the ground that this does not serve to solve any issue in this burglary as alleged in the indictment. Neither does it serve to prove that this defendant is the person guilty of the burglary alleged in the indictment. This testimony is immaterial to any issue in this case.

"THE COURT: I am going to overrule the objection.

"MR. HIGHT: Note our exception.

"Q. (By Mr. Tompkins) Do you have an opinion as to the origin of this fire?

"A. Yes sir, I do.

"Q. And what is that opinion?

"MR. HIGHT: Same objection, Your Honor.

"THE COURT: The same ruling.

"A. (The Witness) It was set on fire to cover up a burglary.

"THE COURT: I am going to sustain that last—

"MR. HIGHT: I ask that you instruct the jury not to consider that, Your Honor.

"THE COURT: Ladies and Gentlemen of the jury, that portion of the witness' answer concerning his opinion as to why the fire was started—I am going to sustain the objection and instruct you not to consider that portion of his answer for any purpose. However, you may consider the other portion of his answer.

"Now, you answer his questions and don't volunteer anything.

"MR. HIGHT: Your Honor, will you please note our exception to the portion of the objection which was overruled.

Considering the portion that was sustained, we would at this time ask the Court to declare a mistrial.

"THE COURT: Ladies and Gentlemen, again I instruct you not to consider the latter portion of the witness' answer for any purpose; and I deny your motion, Counsel.

"MR. HIGHT: Note my exception."

■ The error from the unresponsive answer was cured by the court's instruction. See Robinson v. State, Tex.Cr.App., 441 S.W.2d 855; Harris v. State, Tex.Cr.App., 435 S.W.2d 502; Moore v. State, Tex.Cr. App., 434 S.W.2d 852; Sligar v. State, 166 Tex.Cr.R. 365, 313 S.W.2d 613; Ramsey v. State, 165 Tex.Cr.R. 409, 308 S.W.2d 26.

The second ground of error is overruled.

The third ground of error is the contention that the trial court improperly refused permission for appellant's brother to testify that an accomplice witness told him that because of his testimony he (the accomplice witness) would be given probation rather than a term in the penitentiary.

■ The record reflects that appellant requested permission for his brother to testify after his brother, in attendance at the trial, heard the testimony of one of the accomplice witnesses. The trial court held a hearing outside the presence of the jury, and refused to allow appellant's brother to testify. This was a matter within the discretion of the trial court, and appellant cites no authority that such refusal was an abuse of discretion. Appellant's third ground of error is overruled. See Tijerina v. State, Tex.Cr.App., 460 S.W.2d 123; Miller v. State, Tex.Cr.App., 455 S.W.2d 253; Barbee v. State, Tex.Cr.App., 432 S.W.2d 78; 1 Branch's Ann.P.C.2d, Sec. 365.

Appellant's fourth ground of error alleges that the trial court improperly refused his requested charge in which he asked for a jury decision as to whether two witnesses, during the trial, were accomplice witnesses.

■ The record reflects only that the two state's witnesses were present near the scene of the crime. Such presence alone does not require an instruction on the law of accomplice testimony, nor does it create a presumption that such witness was an accomplice. Miller v. State, Tex.Cr.App., 442 S.W.2d 340; Gregory v. State, 168 Tex. Cr.R. 452, 329 S.W.2d 94; Herrera v. State, 159 Tex.Cr.R. 175, 261 S.W.2d 706; Martin v. State, 151 Tex.Cr.R. 207, 206 S.W.2d 609; Burks v. State, 97 Tex.Cr.R. 113, 260 S.W. 181; 24 Tex.Jur.2d 311–313, Sec. 690.

The fourth ground of error is overruled.

Appellant's fifth ground of error alleges insufficient evidence to support the enhancement portion of the indictment, and that an indictment cannot be used as proof of any fact.

The record reflects that after the verdict of guilty, the enhancement paragraph was read to the jury and the following occurred:

"THE COURT: That spells out the allegations of Paragraph 2 of the indictment. Are they true or not true?

"THE DEFENDANT: True, Your Honor.

"THE COURT: They are true?

"THE DEFENDANT: Yes sir.

"THE COURT: All right, you can be seated. All right, let's go ahead with the proof."

■ Objections to the enhancement paragraph were waived when appellant pleaded "true" thereto. The fifth ground of error is overruled.

■ Appellant's sixth ground of error is that he was not allowed during the hearing on motion for new trial to amend his motion. There is no transcription of the court reporter's notes on motion for new trial, no bill of exceptions, and no bystanders bill. Nothing is presented for review.

Art. 40.09, Sec. 6, V.A.C.C.P.; Isaacs v. State, Tex.Cr.App., 403 S.W.2d 409; Jones v. State, Tex.Cr.App., 402 S.W.2d 191.

The sixth ground of error is overruled.

Appellant's seventh ground of error is that the prosecutor misquoted testimony during oral argument on the issue of guilt or innocence.

The prosecutor's statements to which appellant objects occurred three times. The first instance referred to appellant carrying a safe:

(State's Attorney) " * * * They drove the pickup truck back and backed it up to the door. What was it being backed up by the door for? To carry out the safe—that these two men were carrying this safe, which I understand they couldn't get open.

"MR. HIGHT: We object to that, Your Honor. That is not in the record that this man was even inside the building, let alone that he was trying to get the safe open.

"THE COURT: I will let counsel draw his conclusion from the evidence."

The second instance occurred when the prosecutor stated:

" * * * We have this man coming out —the testimony is not too clear as to how many people came out and pushed the pickup off after it died, that this man, Willie Edmund O'Dell asked Ray Johnson to go to the used car lot to get so that the safe could be hauled off.

"MR. HIGHT: I object to that, Your Honor. He is completely outside the record.

"THE COURT: Well, the jury heard the evidence."

The third instance occurred when the prosecutor stated:

" * * * When Patty asked Willie why he had left her alone in the Sundown Lounge, this Defendant, Willie Edmund O'Dell said, 'Well, we went outside to look over the paint store and we decided not to come back—

"MR. HIGHT: Your Honor, we would object to that. What she said was that when he left he didn't know that he wouldn't immediately return. That's all she said. He is manufacturing testimony.

"THE COURT: I'll overrule your objection."

■ Viewing the testimony in its entirety, we do not find the state's argument to be unreasonable. Appellant cites no authority supporting his proposition and we perceive no error. Young v. State, Tex.Cr. App., 448 S.W.2d 484. See Morris v. State, Tex.Cr.App., 411 S.W.2d 730; Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270.

The seventh ground of error is overruled.

■ Lastly, appellant alleges insufficient evidence to support the conviction. The facts reveal that appellant was with another at the burglarized store on the night of the burglary and was seen shortly therafter in company with the same individual who possessed property taken in the burglary. These circumstances alone have been held to be sufficient. Ross v. State, Tex.Cr. App., 463 S.W.2d 190; Smith v. State, 96 Tex.Cr.R. 188, 256 S.W. 262; Osby v. State, 88 Tex.Cr.R. 418, 227 S.W. 322. Further, evidence is sufficient to sustain the conviction apart from the testimony of the accomplice witness. Ross v. State, supra.

In Ross, at page 191 of 463 S.W.2d, this court stated:

"The evidence reflects unexplained possession of recently stolen property; parties working together and exercising joint control and possession of the stolen clothes; close juxtaposition to the property; and flight of appellant. This is sufficient to support the jury's verdict

without regard to the accomplice's testimony. Thomas v. State, Tex.Cr.App., 459 S.W.2d 842; Beard v. State, Tex.Cr.App., 458 S.W.2d 85; Preston v. State, Tex.Cr.App., 457 S.W.2d 279. With the accomplice testimony the evidence is clearly sufficient. Thomas v. State, supra; Edwards v. State, Tex.Cr.App., 427 S.W.2d 629; Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340."

See also Byrd v. State, Tex.Cr.App., 435 S.W.2d 508; Alexander v. State, 160 Tex.Cr.R. 460, 274 S.W.2d 81.

Viewing the record in its entirety we find sufficient evidence to support the conviction.

Appellant's eighth ground of error is overruled.

Finding no reversible error, the judgment is affirmed.