Mark Edward PRINCE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–03–00191–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

May 27, 2004.

Rehearing Overruled June 15, 2004.

Larry P. McDougal, Law Office of Larry P. McDougal, Richmond, TX, for Appellant.

Peyton Z. Peebles, III, Assistant District Attorney, William J. Delmore, III, Chief Prosecutor, Appellate Division, Charles A. Rosenthal, Jr., District Attorney–Harris County, Houston, TX, for Appellee.

Panel consists of Justices TAFT, HANKS, and HIGLEY.

## OPINION

LAURA CARTER HIGLEY, Justice.

A jury found appellant, Mark Edward Prince, guilty of possession of a controlled substance and assessed punishment at 365 days' confinement and a $4,000 fine. The trial court imposed sentence, suspended it, and placed appellant on two years' community supervision. In seven issues on appeal, appellant asks this Court (1) does Texas recognize an affirmative defense of selective and vindictive prosecution; (2) did appellant show by a preponderance of the evidence that his prosecution was brought for vindictive purposes; (3) did appellant show by exceptionally clear evidence that his prosecution was selectively brought; (4) did the trial court err in denying his motion to quash the information; (5) did the trial court err in denying his request for a jury instruction on vindictive prosecution; (6) did the trial court err in denying his request for a jury instruction on selective prosecution; and (7) does the trial court's denial of his motion to quash and his request for jury instructions require reversal.

We affirm.

## Facts and Procedural History

Appellant was employed as a police officer for the City of Katy Police Department from October 1990 to December 17, 2001. During appellant's employment, Katy Police Captain Gay Dickerson received information that appellant had attempted to purchase Vicodin tablets from other officers in the department.

On August 17, 2001, Captain Dickerson arranged for a local businessman to deliver a bag holding clothing and a prescription bottle containing fifteen Vicodin tablets to appellant while appellant was working the front desk at the police station. The busi-

nessman told appellant that he had seen someone leave the bag on the street corner and walk away.

When the businessman left, appellant searched through the bag and retrieved the Vicodin tablets. He was then dispatched to an accident scene. Upon inspecting the bag after appellant's departure, Captain Dickerson discovered that the prescription bottle was missing. Captain Dickerson notified police supervisors, who followed appellant to the accident scene to which he had been dispatched and discovered the prescription bottle in appellant's patrol car. Appellant had ingested four of the tablets on the way to the accident scene.

Appellant was charged by information for possession of a controlled substance under cause number 1095415. Prior to trial, however, the State re-filed its case against appellant under cause number 1137804.

## Motions to Quash Information

■ In his second, third, fourth, and seventh issues on appeal, appellant contends that the trial court erred in denying his motions to quash the information because the State practiced selective prosecution and vindictive prosecution. Specifically, appellant contends that he showed (1) by exceptionally clear evidence that the prosecution was selectively brought against him, and (2) by a preponderance of the evidence that his prosecution was brought for vindictive purposes. Thus, appellant asserts, the trial court abused its discretion in denying his motions to quash.

"It is a long-standing rule in this State that, absent an adverse ruling of the trial court, which appears in the record, there is no preservation of error." *Brosky v. State*, 915 S.W.2d 120, 129 (Tex.App.-Fort Worth 1996, pet. ref'd) (quoting *Darty v. State*, 709 S.W.2d 652, 655 (Tex.Crim.App.

1986)). Although the record includes three separate motions to quash the information in cause number 1095415—and the trial court agreed to consider the motions after the case was re-filed under cause number 1137804—the record does not contain a ruling by the trial court on any of those motions. By failing to present this Court with evidence of an adverse ruling to his motions to quash the information, appellant has waived any error arising from the trial court's refusal to grant any such motions.

We hold that appellant has failed to preserve error in regard to the trial court's refusal to quash his information.

We overrule appellant's second, third, and fourth issues on appeal. We also overrule appellant's seventh issue on appeal to the extent that it relates to the trial court's refusal to quash his information.

### Right to Jury Instructions

In his first, fifth, sixth and seventh issues on appeal, appellant contends that the trial court erred in refusing his request for jury instructions on selective prosecution and vindictive prosecution. More specifically, appellant contends that selective prosecution and vindictive prosecution should be considered by this Court as affirmative defenses for which he was entitled to a jury instruction upon the introduction of evidence sufficient to establish a prima facie case for each defense, respectively.

A "defense" that is not recognized or specifically labeled as either a defense or an affirmative defense by the legislature does not warrant a jury instruction. *Giesberg v. State*, 984 S.W.2d 245, 250 (Tex.Crim.App.1998). Neither selective prosecution nor vindictive prosecution has been designated by the Texas Legislature as either a defense or an affirmative defense.[1] A defendant who believes he is being subjected to selective or vindictive prosecution may bring the issues to the court's attention; however, he is not entitled to have the jury consider the issues as they are not proper issues for the jury to consider. *See Galvan v. State*, 988 S.W.2d 291, 295 (Tex.App.-Texarkana 1999, pet. ref'd). Thus, appellant was not entitled to a jury instruction on either selective prosecution or vindictive prosecution. *See Roise v. State*, 7 S.W.3d 225, 243 (Tex. App.-Austin 1999, pet. ref'd).

We hold that the trial court did not err in denying appellant a jury instruction on either selective prosecution or vindictive prosecution.

We overrule appellant's first, fifth and sixth issues on appeal. We also overrule appellant's seventh issue on appeal to the extent it relates to the trial court's refusal to give jury instructions on selective and vindictive prosecution.

### Conclusion

We affirm the judgment of the trial court.

---

1. Selective prosecution and vindictive prosecution are not defenses on the merits to the criminal charge, but independent assertions that the prosecutor has brought the charge for reasons forbidden by the Constitution. *See United States v. Armstrong*, 517 U.S. 456, 463, 116 S.Ct. 1480, 1486, 134 L.Ed.2d 687 (1996). Neither issue has any bearing on the determination of actual guilt; thus, they are issues for the trial court to decide, not issues for the jury. *See Galvan v. State*, 988 S.W.2d 291, 295 (Tex.App.-Texarkana 1999, pet. ref'd).