NO. 12-04-00034-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
TAMMIE LOVELL,                                           §                 APPEAL FROM THE 
APPELLANT
 
V.                                                                         §                 COUNTY COURT AT LAW

THE STATE OF TEXAS,
APPELLEE                                                        §                 HOUSTON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Tammie Lovell (“Appellant”) was convicted of class B misdemeanor criminal mischief and
was sentenced to 180 days of confinement in the Houston County Jail, probated for one year.


 
Appellant raises one issue on appeal. We affirm.
 
Background
            On September 19, 2002, Heath Lovell (“Lovell”) filed a complaint against Appellant,
alleging that on or about August 15, Appellant 
 
[i]ntentionally, knowingly, damage[d] or destroy[ed] tangible property, to-wit [a] 1998 Toyota Four
Runner [sic] located on Corto Street in Crockett by hitting the vehicle with her vehicle without the
effective consent of Heath Lovell, the owner of said property, and did thereby cause pecuniary loss
of $500 or more but less than $1,500 to the said owner.


                        That same day, Galen Gatten (“Gatten”), an assistant county attorney for
Houston County, filed an information against Appellant, alleging that on or about
August 15, Appellant
 
              intentionally or knowingly damage[d] or destroy[ed] tangible property, to-wit: a motor vehicle, by
striking said motor vehicle with another motor vehicle, without the effective consent of Heath Lovell,
the owner of said property, and did thereby cause pecuniary loss of $50 or more but less than $500
to the said owner.


            On November 19, Appellant filed a motion to quash the information, contending that the
information was defective because it 1) did not state the offense charged against Appellant in plain
and intelligible words, 2) failed to state the offense with certainty as to enable Appellant “to plead
any judgment that may be given upon it in bar of any prosecution for the same offense,” 3) failed to
charge Appellant in ordinary and concise language in a manner that gave Appellant notice of the
charged offense, 4) failed to allege the manner in which the offense charged was committed, and 5)
did not allege all of the facts, acts, and omissions by Appellant that would constitute a violation of
Texas law. The trial court did not rule on this motion.
            Appellant pleaded “not guilty” to the offense charged and the matter proceeded to a jury trial. 
At the conclusion of the trial, the jury was instructed that if it found from the evidence, beyond a
reasonable doubt, that on or about August 15, 2002, Appellant
 
 . . . did then and there intentionally or knowingly damage or destroy tangible property, to-wit: a motor
vehicle, by striking said motor vehicle with another motor vehicle, without the effective consent of the
owner, HEATH LOVELL, and did thereby cause pecuniary loss of $50.00 or more but less than
$500.00 to the said owner, then you will find the defendant guilty as charged. 


            The jury returned a “guilty” verdict against Appellant. The trial court then sentenced
Appellant to 180 days of confinement in the Houston County Jail, probated for one year. Appellant
was also ordered to complete 40 hours of community service and pay $750.00 in attorney’s fees,
$283.00 in court costs, and $45.00 per month for probation fees.
            On appeal, Appellant contends that the trial court should have granted the motion to quash
because there was a substantial discrepancy between the complaint and the information.
 
Analysis
            Appellant argues that the information should have been quashed because it alleged a class
B misdemeanor offense, while the complaint alleged a class A misdemeanor offense. Specifically,
the information alleged pecuniary loss “of $50 or more but less than $500" (a class B misdemeanor);
however, the complaint alleged pecuniary loss of “$500 or more but less than $1,500” (a class A
misdemeanor). See Tex. Pen. Code Ann. § 28.03(b)(2), (3) (Vernon Supp. 2004). 
            We must first note that in order to present an issue for appellate review, the record must show
that a complaint was made to the trial court by a timely request, objection, or motion. Tex. R. App.
P. 33.1(a)(1). The request, objection, or motion must state the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the trial court aware
of the complaint. Tex. R. App. P. 33.1(a)(1)(A). The trial court must have ruled on the request,
objection, or motion, either expressly or implicitly. Tex. R. App. P. 33.1(a)(2)(A). If the trial court
refused to rule, the complaining party must have objected to the refusal. Tex. R. App. P.
33.1(a)(2)(B).
            In the instant case, the trial court never ruled on Appellant’s motion to quash. During a
pretrial hearing, the trial court acknowledged that it had not ruled on the motion to quash; however,
Appellant’s counsel neither asked for a ruling nor objected to the failure to rule in order to preserve
error. Accordingly, Appellant has waived any error regarding the motion to quash or the trial court’s
failure to rule on the motion. See Prince v. State 137 S.W.3d 886, 888 (Tex. App.–Houston [1st
Dist.] 2004, no pet.) (any error regarding the trial court’s refusal to grant three motions to quash
information was waived where defendant failed to secure an adverse ruling on the motions). 
            Appellant’s sole issue is overruled.
 
Disposition
            The judgment of the trial court is affirmed.
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
Opinion delivered September 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.
(DO NOT PUBLISH)