Opinion Issued February 2,
2006














 

     

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-05-00391-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



JUAN PABLO PACHECO, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from County Criminal Court at Law No. 10

Harris County, Texas

Trial Court Cause No. 1278190

 








 

 



MEMORANDUM OPINION

 

          Pursuant
to a plea bargain, appellant Juan Pacheco pleaded nolo contendere to the
misdemeanor offense of promotion of an obscene device under Texas Penal Code
section 43.23(c)(1).  Tex. Pen. Code Ann. § 43.23(c)(1)
(Vernon Supp. 2005).  The trial court assessed
punishment at two days in jail.  In one
issue, Pacheco claims the trial court erred in failing to set aside the
information because the obscenity statute is an unconstitutional violation of
his right to privacy.  We hold that
Pacheco has failed to show that he obtained a ruling from the trial court
denying the motion to quash and therefore affirm.

Discussion

          Pacheco
contends Texas Penal Code section 43.23 is unconstitutional generally, and as
applied to him, because it violates the right to privacy under the Texas and
United States Constitutions.  Before
entering his plea, Pacheco moved in the trial court to quash the information on
these grounds.  The State contends that
Pacheco has waived any error on this issue because the record lacks any
evidence of an adverse ruling on his motion. 
According to Pacheco’s brief, the trial court denied the motion after
viewing photographs of the devices and finding them to be obscene under the
statue.  See Tex. Pen. Code Ann. § 43.21(a)(7) (Vernon 2003) (defining “obscene
device”).  However, Pacheco has failed to
provide this court a reporter’s record with which to verify this claim, and the
clerk’s record reflects no order or trial court ruling on the motion to
quash.  

          Texas
Rule of Appellate Procedure 25.2 grants a defendant the right to appeal from a
plea bargain only “those matters that were raised by written motion filed and
ruled on before trial.”  Tex. R. App. P. 25.2(a)(2)(A).  Here, the notice of appeal signed by the
trial court certifies Pacheco’s right to appeal under this rule.  This court has held, however, that “the Rule
25.2 requirements recited in a certification must be true and supported by
the record.”  Ajagbe v. State,
132 S.W.3d 491, 491 (Tex. App.—Houston [1st Dist.] 2004, no pet.) (emphasis
added).  To preserve error on a pretrial
motion, an appellant must obtain an adverse ruling and include it in the
record.  Darty v. State, 709 S.W.2d
652, 655 (Tex. Crim. App. 1986).  In Prince
v. State, this court held that a defendant waives error where the record
does not contain evidence of a ruling by the trial court on a motion to
quash.  137 S.W.3d 886, 888 (Tex.
App.—Houston [1st Dist.] 2004, no pet.). 
Similarly, in this case, Pacheco’s failure to present evidence of an
adverse ruling by the trial court waives any error arising from the trial
court’s refusal to grant the motion to quash. 
Accordingly, we overrule Pacheco’s only issue.

 

 

 

 

Conclusion

          Because
the record lacks evidence of an adverse ruling by the trial court on the motion
to quash, no error has been preserved, and we therefore affirm the judgment of
the trial court.

 

                                                          Jane
Bland

                                                          Justice

 

Panel consists of Justices Taft,
Higley, and Bland.

Do not publish.  Tex.
R. App. P. 47.2(b).