MARY'S OPINION HEADING 








NOS. 12-10-00392-CR

         
12-10-00393-CR

 

IN
THE COURT OF APPEALS 

 

TWELFTH COURT OF
APPEALS DISTRICT

 

TYLER,
TEXAS

WILLIAM T.
NICHOLAS, JR.,                   §                      APPEAL FROM THE 7TH

APPELLANT

 

V.                                                                    §                      JUDICIAL
DISTRICT COURT OF

 

THE
STATE OF TEXAS,

APPELLEE                                                   §                      SMITH
COUNTY, TEXAS

                                                                                                                                                          


MEMORANDUM
OPINION

                William
T. Nicholas, Jr. appeals two convictions for aggravated assault, for which he
was sentenced to imprisonment for life in each instance.  In one issue,
Appellant argues that the trial court erroneously denied his motions to quash
and permitted the State to proceed to trial on indictments that included void
enhancement allegations.  We affirm.

 

Background

            Appellant
was charged by separate indictments with two counts of aggravated assault with
a deadly weapon.  Each indictment further alleged that Appellant had been
previously convicted of felony driving while intoxicated.  Appellant filed a
motion to quash the indictments.  Thereafter, Appellant pleaded “guilty” as
charged on each count and pleaded “true” to the enhancement allegations in the
indictments.  Ultimately, the trial court found Appellant “guilty” as charged
in each cause, found the enhancements to be “true,” and sentenced Appellant to
imprisonment for life for each offense.  This appeal followed.

 

 

Motions to Quash

            In
his sole issue, Appellant argues that the trial court erroneously denied his
motions to quash and permitted the State to proceed to trial on indictments
that included void enhancement allegations.  It is a long standing rule in this
state that, absent an adverse ruling of the trial court, which appears in the
record, there is no preservation of error.  Darty v. State, 709
S.W.2d 652, 655 (Tex. Crim. App. 1986); Prince v. State, 137
S.W.3d 886, 887 (Tex. App.–Houston [1st Dist.] 2004, no pet.).  Here, the trial
court made no ruling on Appellant’s motions to quash.  During the sentencing
hearing, after pleading “guilty” to the charged offenses and “true” to the
enhancement allegations, Appellant’s counsel commented to the trial court that
he did not believe the trial court had ruled on the motions to quash.  However,
Appellant did not pursue the matter further or request that the trial court
rule on his motions.[1]  Based on our
review of the record, there is no indication that the trial court ruled on
these motions.  Thus, by his failure to present this court with evidence of an
adverse ruling to his motions to quash the indictment, Appellant has waived any
error arising from the trial court’s refusal to grant these motions.  See Prince,
137 S.W.3d at 888 (error waived where record did not contain ruling on motion
to quash, the appellant waived any error).  Appellant’s sole issue is
overruled.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the trial court’s
judgment.

 

    SAM
GRIFFITH   

             Justice

 

Opinion delivered July 29, 2011.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

(DO NOT PUBLISH)









[1]This exchange between Appellant’s
counsel and the trial court occurred more than one month after Appellant
pleaded “true” to the enhancement allegation that was the subject of his
motions to quash.  See O’Dell v. State, 467 S.W.2d 444, 447 (Tex.
Crim. App. 1971) (accused cannot plead “true” to enhancement paragraph and
later complain that evidence is insufficient to support enhancement); but
see Sanders v. State, 785 S.W.2d 445, 448 (Tex. App.–San Antonio
1990, no pet.) (prior nonfinal conviction cannot be used to enhance even if
defendant pleaded “true” to enhancement).