# NOS. 12-10-00392-CR
# 12-10-00393-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *WILLIAM T. NICHOLAS, JR.,* **APPELLANT** | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* **APPELLEE** | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

William T. Nicholas, Jr. appeals two convictions for aggravated assault, for which he was sentenced to imprisonment for life in each instance. In one issue, Appellant argues that the trial court erroneously denied his motions to quash and permitted the State to proceed to trial on indictments that included void enhancement allegations. We affirm.

### BACKGROUND

Appellant was charged by separate indictments with two counts of aggravated assault with a deadly weapon. Each indictment further alleged that Appellant had been previously convicted of felony driving while intoxicated. Appellant filed a motion to quash the indictments. Thereafter, Appellant pleaded "guilty" as charged on each count and pleaded "true" to the enhancement allegations in the indictments. Ultimately, the trial court found Appellant "guilty" as charged in each cause, found the enhancements to be "true," and sentenced Appellant to imprisonment for life for each offense. This appeal followed.

## MOTIONS TO QUASH

In his sole issue, Appellant argues that the trial court erroneously denied his motions to quash and permitted the State to proceed to trial on indictments that included void enhancement allegations. It is a long standing rule in this state that, absent an adverse ruling of the trial court, which appears in the record, there is no preservation of error. *Darty v. State*, 709 S.W.2d 652, 655 (Tex. Crim. App. 1986); *Prince v. State*, 137 S.W.3d 886, 887 (Tex. App.–Houston [1st Dist.] 2004, no pet.). Here, the trial court made no ruling on Appellant's motions to quash. During the sentencing hearing, after pleading "guilty" to the charged offenses and "true" to the enhancement allegations, Appellant's counsel commented to the trial court that he did not believe the trial court had ruled on the motions to quash. However, Appellant did not pursue the matter further or request that the trial court rule on his motions.[1] Based on our review of the record, there is no indication that the trial court ruled on these motions. Thus, by his failure to present this court with evidence of an adverse ruling to his motions to quash the indictment, Appellant has waived any error arising from the trial court's refusal to grant these motions. *See Prince*, 137 S.W.3d at 888 (error waived where record did not contain ruling on motion to quash, the appellant waived any error). Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered July 29, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[1]This exchange between Appellant's counsel and the trial court occurred more than one month after Appellant pleaded "true" to the enhancement allegation that was the subject of his motions to quash. *See O'Dell v. State*, 467 S.W.2d 444, 447 (Tex. Crim. App. 1971) (accused cannot plead "true" to enhancement paragraph and later complain that evidence is insufficient to support enhancement); *but see Sanders v. State*, 785 S.W.2d 445, 448 (Tex. App.–San Antonio 1990, no pet.) (prior nonfinal conviction cannot be used to enhance even if defendant pleaded "true" to enhancement).