## Clint Springer v. The State.

No. 9696.    Delivered January 13, 1926.

**1.—Burglary—Evidence—Harmless Error—Hearsay.**

Where hearsay testimony is admitted as to a fact which has been established without controversy by direct evidence, the admission of the hearsay testimony, though error, is harmless.

**2.—Same—Evidence—Properly Admitted.**

Where on a trial for burglary a witness was permitted to testify that appellant told witness that he was in trouble, about those harness, and wanted him to swear that he lent him part of the money to buy the harness; such testimony was properly admitted, as a circumstance showing appellant's guilt, and no error is shown.

Appeal from the District Court of Rockwall County. Tried below before the Hon. Joel R. Bond, Judge.

Appeal from a conviction of burglary, penalty two years in the penitentiary.

The opinion states the case.

*Ed B. Freeman,* of Dallas, for appellant.

*Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BERRY, JUDGE.—The offense is burglary, the punishment is two years in the penitentiary.

The State relied on recent possession of the alleged stolen property as well as on proof of incriminating statements made by the appellant and many other circumstances to show guilt. It seems that the goods were actually found in the possession of one Andrews. Andrews, however, testified that he was hauling for the appellant at the time the alleged stolen harness were found in his possession. The evidence seems to be ample to show that Andrews and the appellant were working together at the time the property was found and there is no merit in appellant's contention that the court erred in permitting a witness to say that Andrews said that he and appellant were living at the same house. This seems to have been amply established by other testimony not objected to and Andrews' own testimony offered by the appellant shows that he received the alleged stolen property from the appellant.

There is no merit in appellant's contention that the court erred in permitting the Sheriff to testify as to statements made to him out of the presence of the appellant by the appellant's young son, C. G. Springer. This testimony was clearly admissible for impeachment purposes and was limited to this purpose by the court in his charge.

The burglary was alleged to have been committed about the 28th of February and appellant offered in evidence a check dated February 13, which was purported to have been given by one L. L. Dyer to one Burch for a cow. It is appellant's contention that this check would have enabled him to have a fixed a date prior to the alleged burglary on which he was using the harness in question. The court certified in his qualification to the bill that no one

identified the check as being given by Dyer to Burch and that no witness testified that he knew anything about the check and that the court was not advised as to who executed the check, if anyone, and that the same was clearly hearsay. The appellant accepted this bill with this qualification on it and is bound by it. Under the qualification, the check was clearly hearsay and its exclusion does not constitute error.

Bill of exceptions No. 4 complains at the court's action in permitting the witness Charlie Langley to testify to a conversation he had with the appellant in which the appellant told him he was in trouble about those harness he got down in the bottom and wanted the witness to help him out and wanted him to swear that he lent him part of the money to buy these harness, and the witness also testified that he had a conversation with appellant's counsel but the bill fails to show of what this conversation consisted. The testimony as to the conversation between the witness and appellant was clearly admissible as a circumstance showing appellant's guilt and the conversation between the witness and appellant's attorney not being set out in the bill of exceptions, cannot be held to be error.

We have carefully examined the record in the case and are of the opinion that no reversible error is shown therein. The facts are amply sufficient to support the verdict and the judgment is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.