JAMES HARDING SLIGAR V. STATE.

No. 29,750. April 23, 1958.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) June 11, 1958.

*McCarthy, Rose & Haynes,* Amarillo, for appellant.

*Lon Moser,* County Attorney, Amarillo, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Judge Presiding.

The offense is driving while intoxicated; the punishment, three days in jail and a fine of $50.00.

Officers Collins of the Amarillo police department testified that on the night in question he observed an automobile traveling at an extremely slow rate of speed, "straddling the line," pass through an intersection against a red light; that he brought it to a halt and observed the appellant, the driver, who smelled strongly of alcohol and who repeatedly protested that he was not drunk before the witness notified him of his reason for stopping him. He stated that the appellant staggered when he walked, that he formed the opinion he was intoxicated, placed the appellant under arrest and carried him to the police station, where the appellant agreed to the taking of a blood test.

Officer Hill testified that he arrived upon the scene and observed the appellant, who was in Collins' custody, and expressed the opinion that he was intoxicated; that he searched the appellant's automobile and found one empty and one partially empty whiskey bottle, a bottle of vodka, and several bottles of soda, both empty and full.

City Chemist Wyatt testified that he examined a specimen of appellant's blood, found it to contain 3.1 milligrams of alcohol per centimeter of blood, which from his studies and those of nationally recognized authorities would indicate intoxication.

Appellant, testifying in his own behalf, admitted having taken two or three drinks of whiskey after leaving Mr. Ward's house

in Oldham County and prior to his arrest, but denied that he was intoxicated. He explained the presence of the numerous bottles in his automobile as being necessary in his lease brokerage business and explained his peculiar driving as being the result of the failure of his brakes.

Mr. Ward testified that he observed no intoxication in the appellant when he left his house approximately an hour before the time of his arrest.

The jury resolved the conflict in the evidence against the appellant, and we find it sufficient to support their verdict.

We shall discuss the contentions raised in appellant's brief. He first contends that the trial court erred in not declaring a mistrial when the witness Collins testified that at the time he first saw the appellant's automobile he was "looking for a particular car that had been reported to be driven by an intoxicated driver." This was the extent of his testimony; the careful trial judge withdrew it from the jury's consideration, and we find no error in the bill.

He next contends that error is reflected by the action of the court in holding inadmissible as hearsay a garage bill evidencing brake repairs to an automobile belonging to the appellant two days after the date charged in the information. He contends that this would have supported his defensive testimony that he was driving as he was at the time of his arrest because of defective brakes. Neither the mechanic or the maker of the bill was called as a witness, and we are cited no rule which would make hearsay evidence admissible merely because a party had difficulty in locating the maker of the instrument. Springer v. State, 102 Texas Cr. Rep. 604, 278 S.W. 1104.

He further complains that the state was permitted to qualify Officer Collins as a witness by asking him if, prior to the arrest of the appellant, he had had occasion to see intoxicated persons walk and heard them talk and to compare appellant's conduct to theirs. The record reflects that Collins was new on the police force, and the state properly qualified him to express an opinion as to the appellant's state of intoxication by showing his past experience with inebriates.

His last contention relates to his cross-examination of Chemist Wyatt. He contends that he was not permitted to question the witness concerning the reliability of the breath and urine tests

for alcohol and whether or not such tests were used in other parts of the state. We are at a loss to understand upon what issue such evidence would have been admissible in this case. The test here given was the blood test.

Finding no reversible error, the judgment of the trial court is affirmed.