**Charles Jay AUTEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41319.**

Court of Criminal Appeals of Texas.

June 5, 1968.

Rehearing Denied July 24, 1968.

Howard G. Wilson, Dallas, for appellant.

Henry Wade, Dist. Atty., Alton J. Alsup, Curtis D. Glover, Malcolm Dade and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is attempted burglary with two prior non capital convictions alleged for enhancement: the punishment life.

█ The sole ground of error is based upon the State's cross examination of a defense witness. The State first asked this witness if his address was the county jail to which he answered in the affirmative. He was then asked if he was presently serving 45 years for robbery. This question was also answered in the affirmative. The witness was questioned for sixteen pages and the court stood in

recess for noon. When court reconvened appellant moved the court to "remove from the record" testimony regarding the robbery conviction of the witness, stating that such conviction was presently on appeal. This request the court declined. Clearly, if we construe this as an objection to the evidence it came too late. Dobbs v. State, Tex.Cr.App., 398 S.W.2d 557.

■ We note that the trial court was offered no showing that the basis for the objection was true. It was not shown where, or in what court, such conviction was had or that an appeal had in fact been perfected and was then pending. The grounds of an objection may not be accepted as proof of the facts stated therein. Texas Digest, Criminal Law, 1091(10)i.

Finding no reversible error, the judgment is affirmed.