Andrew **HARRIS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 41684.

Court of Criminal Appeals of Texas.

Dec. 18, 1968.

Emmett Colvin, Jr., Dallas, on appeal only, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Cecil Emerson, Kerry P. FitzGerald, Malcolm Dade and Camille Elliott, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for robbery with firearms; the punishment, ninety-nine years.

As ground for reversal, it is contended that:

"The arrest of appellant, being illegal in violation of the Fourth, Fifth, Ninth, and Fourteenth Amendments to the Constitution of the United States, the taking of appellant's fingerprints upon arrest was the 'fruit of the poisonous tree' and thus inadmissible in evidence as was evidence of prints admitted as a result of comparison with the 'tainted' prints."

The testimony reveals that about 9:30 p. m., February 14, 1967, Officer Smiddy in response to a police radio dispatch which he received reporting a robbery at Sigel's Liquor Store, giving a description of the robbers, went directly to the area of the reported robbery where, within a few minutes after the dispatch and within seven to ten blocks from Sigel's, he saw two men walking hurriedly across the street in front of him who met the dispatched description; that these two men were perspiring, out of breath, their clothing was torn and their shoes were muddy; and based upon the information given in the radio dispatch, the location, the conduct and the condition of the two men, he arrested the appellant, but was unable at the time to apprehend his companion.

 The facts and circumstances as shown by the evidence were sufficient to constitute probable cause for appellant's arrest without a warrant; and the taking of his fingerprints as an incident thereto was authorized. The results of the comparison of these known fingerprints with those found on the cigar box which was removed from the counter in the Dad's Liquor Store robbery on February 10, and thrown on the floor by one of the robbers were admissible in evidence. The ground of error is overruled. Price v. State, Tex.Cr.App., 410 S.W.2d 778; Taylor v. State, Tex. Cr.App., 421 S.W.2d 403.

The "admission of hearsay evidence (before the jury) from a declarant not in court violated appellant's rights under the Sixth and Fourteenth Amendments to the Constitution of the United States" is urged as a ground of error.

This matter is reflected in the transcript of the evidence as follows:

"Q Did you also talk to someone out there at the scene, or near—

"A Yes, sir.

"Q Who was that?

"A A security, some type of security officer.

"Q Was he from Sigel's Liquor or West End Grocery?

"A No.

"Q Where was he from?

"A He was in the parking lot of Taylor Publishing, I believe.

"Q What information did he give you at that time?

"A He stated that four colored males had run across the parking lot of the business where he was working, and had run in behind the buildings on Hinton.

"Q And was the information you received that a felony had been committed reliable?

"A Yes, sir.

"Q Had you relied on it in the past, and it had proved to be true?

"A Yes, sir."

There was no objection to the testimony complained of and no motion was made to withdraw it. No error is presented.

The third ground urged as error is that:

"The trial court, in violation of appellant's rights under the Sixth and Fourteenth Amendments to the Constitution of the United States, committed reversible error in denying appellant's mo-

tion for a mistrial when a police officer testifying for the state stated, non-responsively, when examined by the state that apellant had 'been filed on for other cases'."

■ The transcript of the evidence reveals the following testimony at the time in question:

"Q It also shows the arrest on the back of Defense Exhibit No. 1 of these two subjects on this robbery?

"A Yes, sir, it says this offense is cleared by the arrest of the below listed suspects as the ones guilty of this offense. The complainant identified Jackson in the line-up. Harris' prints were found on the cigar box at the scene. Both have been filed on for this case. No recovery. Both have been filed on for other cases.

"Mr. Breeding: We object, Your Honor, and move for a mistrial, Your Honor. .

"The Court: Denied. Do not consider the last part of that statement made.

"Mr. Breeding: Note our exception."

Even though the appellant stated no ground for an objection before moving for a mistrial, the trial court immediately instructed the jury not to consider the last part of the statement made.

The robbery relied upon for a conviction in this case was alleged to have been committed on February 10. The following testimony of the state's witness, Pat Alberry, about another robbery, was introduced without objection:

"Q I'll ask you what occurred on February the 14th, 1967, around 9:20 p. m. in your store?

"A Well, approximately at that time two men entered the store, both at about the same time. One walked across the front of me over to a beer box which is about from here to that clock. The other one walked immediately over to here in front of the window. We had some beer stacked along there which is about from here to that wall, maybe a little further, and he stood there and I said "Hello". As he walked by me I walked over there looking at him as he come in and he was looking at the beer and I glanced back over and this man was piddling, and when I stepped back apparently he had a gun in his hand and putting a mask over his face and—

"Q Take a look at this table right here and see if you see the man that put that mask over his head there in the store.

"A Right there.

"Q Let me stand behind him to make sure you're pointing out the right one, you're talking about this man right here?

"A I am.

"Mr. Caperton: Let the record reflect he's identified Andrew Harris (appellant).

"The Court: All right."

In light of the testimony that appellant had committed another offense of robbery on February 14, and the prompt action of the court in instructing the jury not to consider the non-responsive answer, no reversible error is presented.

■ It is contended in the fourth ground that:

"The state committed reversible error when, in examining the wife of appellant, state's counsel exceeded the scope of direct examination."

The appellant's brief refers to the following portion of the state's examination of the appellant's wife:

"Q I guess you don't have any idea how his fingerprints got in that store, do you?

"A I sure don't.

"Q Must have somebody took and put them up there?

"A If they are there, they did."

The appellant testified on the main trial in part as follows:

"Q Do you have any explanation as to how your fingerprints got on that cash box or check box in that liquor?

"A No.

"Q You just don't know how they got there?

"A No, sir."

In the light of appellant's testimony as shown, it is concluded that the fourth ground reveals no error. 61 Tex.Jur.2d 645, Sec. 88; 1 Branch's 2d P.C. 180, Sec. 174. However, the testimony was introduced without objection.

The judgment is affirmed.