Albert David ROBINSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42018.

Court of Criminal Appeals of Texas.

April 16, 1969.

Rehearing Denied June 18, 1969.

**856**

Combest (Security Officers) all employees of the James K. Wilson Company went to the company store in the Wynnewood shopping area of Dallas. Cox and Combest were also off-duty City of Dallas police officers. At the Wynnewood store they contacted the appellant, Assistant Receiving Manager for the five James K. Wilson Stores, with regard to their investigation into a large amount of missing merchandise. Appellant was told he did not have to talk to them; that he was free to go and was not under arrest and could call an attorney if he desired. Appellant then readily admitted that in the course of his employment he had taken some 18 suits (including the one in question) and other merchandise including practically all of his present wearing apparel. He invited the company officials to accompany him to his home in Mesquite, Texas, to demonstrate that he was responsible for only a small part of the missing merchandise.

On their way to appellant's home they were met by a Dallas police officer with a written consent to search form which was executed by appellant after it was explained to him that company officials had no search warrant and had no right to search except with his consent which he did not have to give.

At appellant's request they stopped approximately a block from appellant's home and he proceeded alone to his house to persuade his wife to leave. Upon appellant's return they proceeded to the house where appellant handed the company personnel from his closet the black Kattegara silk suit, the subject of this prosecution, as well as other items he stated he had taken. No search of the house was made and the company personnel took only items designated by the appellant. At this point appellant was arrested and taken to the Dallas City Hall where Officer Combest made a written memorandum of appellant's oral confession.

Evidence was offered to show that the retail value of the suit was $135.00 and its

Max Blankenship, Fort Worth, on appeal only, for appellant.

Henry Wade, Dist. Atty., Tom Reese, Charles Caperton, Kerry P. FitzGerald, Malcolm Dade, James P. Finstrom and Camille Elliott, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is embezzlement of one man's suit over the value of $50.00; the punishment, 5 years' confinement in the Texas Department of Corrections.

The State's evidence reflects that on the morning of March 28, 1966, Edward Feazell (Credit Manager), Fred Bowling (Personnel Director), Troy Cox and Bill

wholesale value was $70.00, and that the black Hart, Schaffner and Marx suit had been converted to appellant's use without consent.

Appellant did not testify or offer any evidence in his behalf.

Initially, appellant contends the trial court erred in overruling his motion for mistrial when State's witness, Ed Feazell, volunteered prejudicial information in an unresponsive answer to a question asked on direct examination.

After being cautioned not to go into the conversation, the witness was asked:

"Q. As a result of that conversation, did you do anything or contact anybody?

"A. Yes. The conversation we had, we apprehended him (Barker) with some stolen merchandise and he implicated Mr. Robinson (appellant)."

■ Appellant's objection was sustained and the court promptly instructed the jury to disregard the answer "for any purpose." The motion for mistrial was, however, denied. Under these circumstances we perceive no error. Noble v. State, Tex.Cr. App., 402 S.W.2d 758; Ramsey v. State, 165 Tex.Cr.R. 409, 308 S.W.2d 26; Sligar v. State, 166 Tex.Cr.R. 365, 313 S.W.2d 613; Todd v. State, 170 Tex.Cr.R. 552, 342 S.W.2d 575; Lawhon v. State, Tex.Cr. App., 429 S.W.2d 147; Moore v. State, Tex.Cr.App., 434 S.W.2d 852; Harris v. State, Tex.Cr.App., 435 S.W.2d 502.

Further, the same evidence was elicited without objection from State's witness Combest when he related his initial conversation with appellant on March 28, 1966. Still further, appellant inquired into the same matter on cross-examination of Combest.

Ground of error #1 is overruled.

■ In view of the facts recited above, we find no error in the admission into evidence of the written waiver or consent to search form or the black suit, subject of this prosecution, recovered at appellant's home. It is observed that the suit was not obtained as a result of a search but was handed to the officers by appellant after they had entered his house with his consent.

Grounds of error #2 and #3 are overruled.

Next appellant contends the trial court erred in admitting into evidence State's Exhibit Four (appellant's oral confession reduced to written memorandum).

■ It has long been the law in this state that oral confessions, voluntarily made, while in custody or not, that lead to the fruits of a crime are admissible despite the absence or inadequacy of statutory warnings required for written statements taken while in custody. See Article 38.22 (former Article 727), Vernon's Ann.C.C.P. The validity of an oral confession does not depend upon a showing that the accused was taken before a magistrate (See Article 15.17, V.A.C.C.P.) prior to such oral statement. In reducing appellant's oral confession to a written memorandum signed and witnessed by persons other than a peace officer, Officer Combest was only complying with provisions of Article 38.22, Sec. 3, V.A.C.C.P., 1965, in effect at the time of appellant's confession and his trial. Such requirement appears to have been a typographical error, oversight or omission in the re-draft of old Article 727. Such requirement has now been eliminated. See Article 38.22, supra, as amended 1967.

Our problem is somewhat complicated by the decision in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. While the fact that Texas law did not require warnings prior to the giving of oral confessions, such fact does not affect the applicability of Miranda to oral confessions. See Lee v. State, Tex.Cr.App., 428 S.W.2d 328. While Miranda had not been decided at the time of appellant's oral confession and was not made fully retroactive

by the United States Supreme Court, it was held applicable to all trials commencing after the effective date of Miranda (June 13, 1966). See Johnson v. New Jersey, 384 U.S. 719, 85 S.Ct. 1772, 16 L.Ed.2d 882. This is true despite the fact that reliance is the touchstone of retroactivity and reliance upon the law by law enforcement officers is at the time at which the confession is made and not on the date the trial commences. Appellant's trial commenced on February 21, 1967, after the effective date of Miranda. As we interpret Miranda's requirement of warnings and waiver, it applies to "in custody" interrogation, though it is not by any means limited to police station house interrogation. Mathis v. United States, 391 U.S. 1, 88 S.Ct. 1503, 20 L.Ed.2d 381. It is also applicable as we have learned by experience to "in custody" interrogation at an accused's home when he is under arrest and not free to leave at the time of questioning. Orozco v. Texas, 394 U.S. 324, 89 S.Ct. 1095, 22 L.Ed.2d 311 (1969).

In the case at bar regardless of the surroundings the undisputed evidence shows that appellant was not under arrest, "in custody" or "otherwise deprived of his freedom of action in any significant way" at the time of his oral confession. We decline to apply Miranda to the fact situation here described. See Bendaw v. State, Tex.Cr.App., 429 S.W.2d 506; Newhouse v. State, Tex.Cr.App., 420 S.W.2d 729.

Ground of error #4 is overruled.

Lastly, appellant complains that the court failed to charge the jury on the issue of the confession's voluntariness. In the absence of the jury the court conducted a hearing on the voluntariness of appellant's oral statement before admitting it into evidence. His findings as to voluntariness appear in the record with unmistakable clarity. We doubt if the evidence *offered before the jury* raised the issue of voluntariness. If it did, we observe that there is no showing in the record that the special requested charge, while in writing, was presented to the court prior to the reading of the charge to the jury in accordance with Article 36.15, V.A.C.C.P. Seefurth v. State, Tex.Cr.App., 422 S.W.2d 931; Walling v. State, Tex.Cr.App., 437 S.W.2d 563.

Ground of error #5 is overruled.

The judgment is affirmed.