Ben BITELA, Appellant,

v.

The STATE of Texas, Appellee.

No. 43482.

Court of Criminal Appeals of Texas.

March 3, 1971.

Chappell & McFall by John R. McFall, Lubbock, for appellant.

Blair Cherry, Jr., Dist. Atty., Ronald M. Jackson, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of marihuana; the punishment, 25 years.

The appellant's first ground of error is that the court erred in permitting Officer Bessent to testify that he acted on information received from a third party, in violation of the hearsay rule set forth in Sowers v. State, 160 Tex.Cr.R. 456, 272 S.W.2d 119. The hearsay which we find was in response to questions asked by appellant's counsel. It was not until the next day after Bessent testified that the appellant made known to the court that he was dissatisfied with Bessent's answers. Clearly this objection came too late. Auten v. State, Tex.Cr.App., 429 S.W.2d 894.

His second ground of error is that the court admitted certain letters (written in Spanish) as proof of the existence of such letters and where they were found, but the English translation thereof was excluded. The State objected that they constituted hearsay because the author of said letters did not testify that he had written the same. The court was clearly correct in such ruling. Templeton v. State, Tex.Cr.App., 57 S.W. 831; Sligar v. State, 166 Tex.Cr.R. 365, 313 S.W.2d 613.

His third ground of error is that the court erred in permitting the state to ask "have you heard" questions of appellant's reputation witnesses about whether they had heard that the appellant killed a man in November of 1953; heard that he had been picked up for being drunk, and heard that he had been convicted for carrying a pistol. When such questions were asked there was no objection interposed. There is therefore nothing presented for review.

In his ground of error number three-A, appellant contends that he was denied due process when the State asked the following question: "You never shot

at anybody or killed anybody?" No objection was made when the question was asked, and we know of no Constitutional prohibition against asking such a question. Furthermore, appellant has failed to show that the prosecutor knew that he had not been convicted on the basis of this shooting. Therefore, nothing is presented for review.

Finding no reversible error, the judgment is affirmed.