Henry Grady **COLEMAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 44605.

Court of Criminal Appeals of Texas.

April 26, 1972.

Rehearing Denied July 19, 1972.

Wayne B. Ames, Abilene, for appellant.

Ed Paynter, Dist. Atty., Abilene, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This appeal is taken from a conviction for the offense of unlawful sale of a narcotic drug, to-wit: heroin. Punishment was assessed by the court at life imprisonment.

The record reflects that, during the early evening hours of October 13, 1970, J. Rodney Miller, a narcotics officer for the Department of Public Safety, met appellant at a private residence in Abilene. Appellant delivered to Miller a tinfoil package containing two capsules. Miller placed the package in his pocket and drove appellant to Impact, Texas, to buy a six pack of beer. He gave appellant fourteen dollars in payment for the capsules. After leaving appellant, Miller initialed the package and each capsule and locked them in his brief case. A few days later he mailed the package to the Department of Public Safety Laboratory in Austin, where it was received by George Taft, who was employed there as a chemist. Taft examined the capsules, found them to contain heroin, and kept them in his possession until they were introduced at appellant's trial.

█ Appellant complains that the chain of custody was not properly established. We find the evidence sufficient to establish the chain of custody of the package. e.g. Fuery v. State, Tex.Cr.App., 464 S.W.2d 666; Andrews v. State, Tex.Cr.App., 436 S.W.2d 546.

Appellant next contends that the trial court erred in refusing to grant his motion for continuance based upon the state's failure to timely elect which one of six separate indictments the state would try on the date set for trial. He argues that the effect of the court's ruling was to deprive him of adequate time to prepare.

The record reflects that counsel for appellant was appointed on December 10, 1970. His motion for continuance was filed on January 8, 1971, and was denied by the trial court on the same date. The case was tried on January 11, 1971.

Article 29.03, Vernon's Ann.C.C.P., provides:

"A criminal action may be continued on the written motion of the State or of the defendant, upon sufficient cause shown; which cause shall be fully set forth in the motion."

█ Where, as here, the motion is based upon equitable rather than statutory grounds, the action of the court thereon is discretionary; and this court will not overturn this decision unless a clear abuse of discretion is shown. Ward v. State, Tex. Cr.App., 427 S.W.2d 876. Appellant had a month to prepare his case, and no abuse of discretion is shown. Klechka v. State, Tex.Cr.App., 429 S.W.2d 900, cert. denied, 393 U.S. 1044, 89 S.Ct. 672, 21 L.Ed.2d 592.

█ His next contention is that the court erred in refusing to grant his motion to quash the jury panel. The basis of this motion is an allegation that he was "blatantly paraded in front of and among the members of said jury panel while . . . handcuffed and accompanied by uniformed members of the sheriff's department of Taylor County."

This motion to quash was filed on the day of trial. No ruling was ever obtained with regard to it. With the exception of the allegation contained in the motion, the record is completely silent that such event occurred. No error is shown.

**874**

Appellant also urges that the trial court's refusal to grant his motion in limine and his motion for mistrial constitutes reversible error. This contention is based on answers elicited from Miller during cross-examination by appellant. He cites five examples of allegedly non-responsive and prejudicial statements made by Miller.

Without restating the testimony, we note that appellant asked for and received an instruction to disregard, in his example number one. No further relief was requested at this point. With regard to his next three examples of allegedly prejudicial testimony, the record reflects that he voiced no objection. With regard to his fifth example, he never objected to any answer or asked for any instruction but moved, instead, for a mistrial. This motion was overruled.

In order to preserve error concerning allegedly improper testimony, an objection to that testimony must be made. See, Robinson v. State, Tex.Cr.App., 441 S.W.2d 855. The reason for requiring that an objection be made is that any harm resulting from an unresponsive answer can normally be cured by an instruction from the court. e.g. O'Dell v. State, Tex.Cr. App., 467 S.W.2d 444; Robinson v. State, supra; Harris v. State, Tex.Cr.App., 435 S.W.2d 502; Moore v. State, Tex.Cr.App., 434 S.W.2d 852; Sligar v. State, 166 Tex. Cr. 365, 313 S.W.2d 613. We have carefully reviewed the record and have determined that appellant's failure to seek relief at the time the answers were given waives any error.[1]

His next complaint is that the trial court committed reversible error in failing to grant his requested definition of the word "sell" in the charge to the jury.

The trial court charged the jury that:

"By the use of the word 'SELL' is included barter, exchange, or give, or offer therefor, and each such transaction made by any person whether as principal, proprietor, agent, servant, or employee . . ."

Appellant requested that the charge read:

". . . that the word 'sale' of a narcotic drug may, but does not necessarily include barter, exchange, or to give or offer therefor; but that in any event such sale requires that something of value pass between buyer and seller whether as principal, proprietor, agent, servant or employee."

Article 725b, Section 1(10), Vernon's Ann.P.C., provides that:

"'Sale' includes barter, exchange, or gift, or offer therefor, and, each such transaction made by any person, whether as principal, proprietor, agent, servant, or employee."

The trial court having defined this term by tracking the language in the statute, no error is shown.

Finally, appellant contends that the trial court erred in refusing to grant his motion to quash the indictment, arguing that the enhancement paragraphs of the indictment were improperly drawn.

These paragraphs meet the requirements set by this court in Dora v. State, Tex.Cr. App., 477 S.W.2d 20, and no error is shown.

---

1. It should be noted that all of the testimony of which complaint is made was not unresponsive. Counsel for appellant inquired as to how well Miller knew appellant and was told that Miller had bought drugs from him on several occasions. Counsel inquired into conversations between appellant and Miller and was given the details of the conversation, including the fact that appellant had told Miller about an extraneous offense. This entire portion of the record reflects an attempt on the part of the court to have counsel be more specific in his questions and to have Miller answer only the specific question asked. See, e. g., 62 Tex.Jur.2d, Witnesses, Sec. 169.

We note that, although appellant was indicted under Article 63, V.A.P.C., the judgment herein reflects that punishment was assessed at life without a finding as to the two prior felony convictions. Therefore, the sentence is reformed to read that the appellant is sentenced to confinement in the Department of Corrections for a term of not less than five years nor more than life.

As reformed, the judgment is affirmed.