NUMBER 13-99-284-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI


___________________________________________________________________


DAVID MUNOZ, Appellant,


v.



THE STATE OF TEXAS, Appellee.

___________________________________________________________________


On appeal from the 214th District Court


of Nueces County, Texas.


___________________________________________________________________


O P I N I O N



Before Justices Hinojosa, Chavez and Rodriguez



Opinion by Justice Chavez



 On May 17, 1998 Appellant David Muñoz was arrested in Corpus Christi for
possession of cocaine and heroin.(1) On February 2, 1999 the jury found appellant
guilty on both counts. Two days later, the judge assessed his punishment at thirty-five
years for each offense. Appellant's motion for new trial was overruled by operation
of law on April 20, 1999. 

 In his first two points of error, appellant states that the trial court erred by not
granting his oral motions to recess the trial and by refusing to grant a new trial once
a witness became available and gave testimony at the motion for new trial hearing. 
Appellant also argues that the trial court assessed an illegal sentence and that he did
not receive effective assistance of counsel. We affirm the trial court's decision, but
remand for re-sentencing.

 On the day appellant's case was called for trial, a hearing was held on his
motion to suppress. Before the hearing started, appellant's trial counsel said that he
had been informed by the State that there was another police officer involved in the
case whose identity was not known. Officer Curtis Shelton, the arresting officer,
testified at the hearing for the State. Officer Shelton had not mentioned any other
police officers in his police report. Before he was excused from the witness stand,
appellant's trial counsel stated, "And Your Honor, it's kind of an informal discovery
request, but I would like the court to maybe direct Officer Shelton to locate this
partner. It may be significant, if there's any contradiction in what happened. My
client seems to feel it's extremely significant." Officer Shelton agreed to try to have
him at trial. The case proceeded to voir dire and a jury was selected and sworn.

 The following morning, appellant's trial counsel was informed that the other
officer's name was Daniel Sanchez. Sanchez, however, was to be in New York City
for his brother's funeral until the following week. Appellant made an oral motion to
recess the trial for one week; the judge denied the motion. The State presented four
witnesses: a narcotics evidence technician from the Corpus Christi Police Department,
a chemist for the Department of Public Safety, a technician who locked the narcotics
in the vault and brought it to court, and the State's primary witness, Officer Shelton,
who was its only witness that was at the scene. Only appellant testified for the
defense. The testimony of Officer Shelton and appellant was in direct conflict.

I. Appellant's Motion for a Continuance

 Appellant's motion to recess the trial until Officer Sanchez arrived was oral and
unsworn. The Texas Code of Criminal Procedure permits a continuance only upon a
written motion sworn by the State or the defendant. Tex. Code Crim. Proc. Ann. arts.
29.03, 29.08 (Vernon 1979). Recently, the court of criminal appeals confirmed a long
line of cases stating, "A motion for continuance not in writing and not sworn preserves
nothing for review." Dewberry v. State, 4 S.W.3d 735, 755 (Tex. Crim. App. 1999);
see Matamoros v. State, 901 S.W.2d 470, 478 (Tex. Crim. App. 1995); see also
Montoya v. State, 810 S.W.2d 160, 176 (Tex. Crim. App. 1989). Likewise, this
Court has not recognized any error preserved for review when a continuance is not in
writing and sworn. Mosley v. State, 960 S.W.2d 200, 206 (Tex. App. --Corpus
Christi 1997, no pet.).

 Appellant does not claim that his motion was a written motion for a continuance
sworn to the court covered under articles 26.03 and 26.08. Instead, he makes an
argument in equity that the trial court erroneously denied counsel's oral motions to
recess the trial. There is case law that supports this assertion. In 1917, the court of
criminal appeals ruled that it was reversible error to deny a continuance for one to two
hours upon an oral motion when the missing testimony would be sharply conflicting
with the testimony provided. Jones v. State, 194 S.W. 1109, 1111 (Tex. Crim. App.
1917). The court of criminal appeals has also suggested that a trial court has
equitable power to grant an oral motion for a continuance. Darty v. State, 193
S.W.2d 195, 195 (Tex. Crim. App. 1946). It has now been more clearly stated that
"a motion for continuance, based on equitable grounds rather than statutory grounds,
is entirely within the sound discretion of the court, and will only call for reversal if it
is shown that the court clearly abused its discretion." Alvarado v. State, 818 S.W.2d
100, 103 (Tex App. --San Antonio 1991, (citing Hernandez v. State, 492 S.W.2d 466,
467 (Tex. Crim. App. 1973)). See also Collection Consultants, Inc. v. State, 556
S.W.2d 787, 795 (Tex. Crim. App. 1977); Chance v. State, 528 S.W.2d 605, 607
(Tex. Crim. App. 1975); Coleman v. State, 481 S.W.2d 872, 873 (Tex. Crim. App.
1972); Ward v. State, 427 S.W.2d 876, 881 (Tex. Crim. App. 1968).

 A separate line of cases in the intermediate appellate courts has generally, but
not uniformly, recognized counsel's right to make an oral motion for a continuance
enforceable by the appellate courts' powers in equity. White v. State, 982 S.W.2d
642, 647 (Tex. App.--Texarkana 1998, pet. ref'd); Deaton v. State, 948 S.W.2d 371,
374 (Tex. App.--Beaumont 1997, no pet.); Petrick v. State, 832 S.W.2d 767, 770-71
(Tex. App.--Houston [1st Dist.] 1992, pet. ref'd); O'Rarden v. State, 777 S.W.2d 455,
459 (Tex. App.--Dallas 1989, pet. ref'd). The authority cited in these cases is the
1946 Darty case, above. One situation from this line of cases where such a motion
was not granted at trial, but then reversed on appeal, occurred when a witness who
was present at trial disappeared briefly just before he was called to testify. Deaton,
948 S.W.2d at 377. Another reversal occurred when the State rested earlier on a
Friday afternoon then expected, and the defendant's witnesses were not due to arrive
from out of town until the following Monday. Petrick, 832 S.W.2d at 770-71. Only
one case fully rejects counsel's right to make an oral motion for a continuance
enforceable by the appellate courts' powers in equity. Rodriguez v. State, 903 S.W.2d
405, 411-12 (Tex. App.--Texarkana 1995, pet. ref'd). 

 The issue in this line of cases is phrased such that if the trial court's decision
to not grant the oral unsworn motion amounts to a denial of fundamental principles of
due process, the ruling is subject to appellate review. Petrick, 832 S.W.2d at 770;
O'Rarden, 777 S.W.2d at 459. In O'Rarden, the prosecution inadvertently failed to
disclose favorable evidence until after trial commenced despite defendant's discovery
motions that clearly requested it. O'Rarden 777 S.W.2d at 456-57. The court
determined that this failure to disclose was a violation of due process, and, once the
evidence became available at trial, the denial of the oral motion for a continuance
prevented a fair trial. Id. at 460.

 The facts of O'Rarden were unusual. At trial, the defense did not receive the
file of a social worker who had investigated child abuse allegations against the
defendant until the day of trial. Id. at 457-58. The file contained a report of a
pediatrician expert in child sexual abuse who knew the children she was testifying
about for years, and was satisfied that no abuse had occurred. Id. Evidence this
important warranted a new trial. Id. at 460.

 In the case before the court today, the appellant has conceded that he neither
made nor attempted a sworn written motion for a continuance. The unsworn oral
motion made by appellant's trial counsel, whether a motion for a continuance, or a
motion for a recess, can only be based on equitable grounds rather than statutory
grounds. Hernandez, 492 S.W.2d at 467. The trial court's decision will only be
overturned if there was a clear abuse of discretion. Id. 

 There is no due process claim on which to base any possible O'Rarden
argument. See United States v. Bagley, 473 U.S. 667, 677 (1985) (Undisclosed
evidence is material only if it is reasonably probable that the outcome of the trial would
have been different had the evidence been disclosed.); Brady v. Maryland, 373 U.S.
83, 87 (1963) (Prosecutors must disclose material evidence favorable to the accused.);
Ex Parte Adams, 768 S.W.2d 281, 291 (Tex. Crim. App. 1989) (Applies federal
standard under Brady and Bagley to Texas Courts.). Furthermore, appellant's trial
attorney made no discovery requests before trial. He easily could have learned from
his client that there was more than one police officer at the scene. The testimony that
the second officer provided at the hearing for appellant's motion for a new trial varied
somewhat from the first officer's testimony, but was not exculpatory in nature, nor
was the officer's existence hidden from appellant's trial attorney before trial. 

 Sanchez provided testimony later, at the hearing on the motion for new trial. 
In their testimony, both officers agreed as to the time of day, and of the description
of the scene of the arrest. Sanchez stated that they had gone to the front door of the
house where the incident took place and then a back door. Shelton described the door
they approached as the front door to one of several small apartments in the house. 
They agreed that there was a tattered screen door and an opened, broken wooden
door. It is not clear who said what exactly when, but the two officers agreed that
Shelton claims to have seen one individual behind the screen door throw down a
syringe and the appellant throw a plastic bag containing narcotics. Officer Shelton
made a warrantless arrest of the appellant because this violation of the law was in his
plain view. Tex. Code Crim. Proc. art. 14.01 (Vernon 1979). The syringe was empty,
and the individual with the syringe and another individual were released at the scene,
according to Officer Sanchez. Officer Shelton stated that he released them at the jail. 
While not entirely consistent, none of the testimony was exculpatory in nature with
respect to appellant.

 Had the continuance been granted, the wait would not have been as brief as it
was in the cases cited by appellant. See Deaton v. State, 948 S.W.2d 371, 373 (Tex.
App.--Beaumont 1997, no pet.) (delay of less than one hour); Petrick, 832 S.W.2d at
771 (delay of no more than two and one half hours). The wait would have been at
least a week. In appellant's trial, the continuance sought was for an extended period,
and the testimony of the missing witness was not in sharp conflict with the testimony
provided. Cf. Jones v. State, 194 S.W. 1109, 1111 (Tex. Crim. App. 1917) (Missing
witnesses were not present for a shorter period of time, in direct conflict with the
witnesses who testified, and believed by the court to be more reliable than the
witnesses who testified.). The trial court allowed the Officer Sanchez to testify at a
hearing for the appellant's motion for a new trial and determined that the his testimony
would not have changed the outcome of the trial. Therefore, we see no abuse of
discretion.

 Appellant's first point of error is overruled.

II. Appellant's Motion for a New Trial

 Before calling its witness, trial counsel for the appellant again attempted to
convince the judge to recess the case until Officer Sanchez would be available to
testify. The judge required appellant to wait and file a motion for new trial. Appellant
claims that Officer Sanchez, if available at trial, would have provided testimony that
would have contradicted Officer Shelton's testimony to the extent that the jury may
have come to a different conclusion. 

 The appropriate standard of review of the trial court's decision not to grant the
new trial is abuse of discretion. Ex Parte Davis, 957 S.W. 2d 9, 15 (Tex. Crim. App.
1997). As explained above, Officer Sanchez's testimony at the motion for new trial
was not identical to the testimony of Officer Shelton, but there were no substantial
differences. For the same reasons that the trial court did not err in denying the
appellant's oral motions to recess the trial, the trial court did not err in its denial of
appellant's motion for a new trial. 


 Appellant's second point of error is overruled.

III. The Trial Court's Sentencing of the Appellant

 Appellant was found guilty of two offenses: possession of cocaine (one to four
grams), a third degree felony, and possession of heroin (less than one gram), a state
jail felony. Tex. Health & Safety Code Ann. § 481.115(a),(c) (Vernon 1992); Tex.
Health & Safety Code Ann. § 481.115(a),(b) (Vernon 1992). The normal range of
sentencing for each offense was enhanced because the appellant has two previous
felony convictions. Tex. Pen. Code Ann. § 12.42 (Vernon Supp. 2000). Upon the trial
of a felony, other than a state jail felony, when there is proof that a defendant has
previously been convicted of two felony offenses, the range of punishment is
enhanced to life in prison or a range between twenty-five and ninety-nine years in
prison. Tex. Pen. Code Ann. § 12.42(d) (Vernon Supp. 2000). Upon the trial of a
state jail felony, when there is proof that a defendant has previously been convicted
of two felony offenses, the range of punishment is enhanced to a range between two
and twenty years incarceration. Tex. Pen. Code Ann. §§ 12.33(a), 12.42(a) (Vernon
Supp. 2000).

 In this case, the appellant was sentenced to thirty-five years in prison for each
offense. Since the possession of heroin offense is a state jail felony, it could have only
been enhanced to a maximum of twenty years. Tex. Pen. Code Ann. §§ 12.35(c),
12.42(a) (Vernon Supp. 2000). The trial court did not stay within the bounds set by
the legislature. We therefore remand the heroin charge for re-sentencing.


IV. Ineffective Assistance of Counsel

 Appellant argues that he did not receive effective assistance of counsel because
his trial counsel failed to: adequately investigate and prepare for trial, preserve his
rights regarding errors in voir dire by failing to ask for a strike for cause of
Venireperson Number Twenty-Two, call two witnesses who were at the scene of the
arrest to testify, adequately investigate appellant's complaints regarding his prior
convictions, and object to the imposition of a sentence which exceeded the proper
range of punishment for the possession of heroin charge against him.

 The United States Supreme Court and the Texas Court of Criminal Appeals have
promulgated a two-prong procedure to determine whether representation was so
inadequate that it violated the defendant's sixth amendment right to counsel. 
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726
S.W.2d 53, 54-55 (Tex. Crim. App. 1986). First, trial counsel's performance must fall
"below an objective standard of reasonableness." Strickland, 466 U.S. 668, 687-88. 
This deficiency must be of the extent that counsel failed to function as counsel. Yates
v. State, 917 S.W.2d 915, 920 (Tex. App. --Corpus Christi 1996, pet. ref'd.). 
Secondly, the appellant must prove that "the deficient performance prejudiced the
defense" by "a reasonable probability that, but for counsel's errors, the result of the
proceeding would have been different." Strickland, 466 U.S. at 686, 694. "A
reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id. at 693. "Failure to make the required showing of either deficient
performance or sufficient prejudice defeats the ineffectiveness claim." Id. at 700. 
 

 The burden of proving ineffective assistance of counsel is on the appellant by
a preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim.
App. 1991). The defendant must overcome a strong presumption that counsel's
performance fell within the wide range of reasonable professional assistance. Tijerina
v. State, 921 S.W.2d 287, 289 (Tex. App.--Corpus Christi 1996, no pet.); see
Thompson v. State, 9 S.W.3d 808, 812-14 (Tex Crim. App. 1999); see also
McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). ("Any allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.") 

 Appellant claims trial counsel failed to adequately investigate and prepare for
trial. Specifically, appellant contends trial counsel did not ensure that Officer Sanchez
would testify at trial. As explained above, the testimony Officer Sanchez provided at
the hearing on the motion for new trial was not substantially different from the
testimony at trial by Officer Shelton. Thus, there is no reasonable probability that the
result of the trial would have been different if Sanchez had been available to testify. 
Strickland, 466 U.S. at 693.

 Appellant's second claim of ineffective assistance of counsel protests a failure
to preserve error during voir dire. Specifically, appellant contends that his trial counsel
failed to ask for a strike for cause of Venireperson Number Twenty-Two. This
prospective juror stated that she "possibly" would have bias against someone charged
with a drug offense because of three of her own family members' personal drug
problems and the personal catastrophes their drug problems caused. 

 A venireperson is challengeable for cause if he or she cannot impartially judge
the credibility of witnesses. Tex. Code Crim. Proc. Ann. art. 35.16(a)(9); Jones v.
State, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998). However, this means only that
jurors must be open-minded and persuadable, with no extreme or absolute positions
regarding the credibility of any witness. Jones, 982 S.W.2d at 389. Venire members
are not challengeable for cause simply because they would give certain classes of
witnesses a slight edge in terms of credibility. Id. Appellant does not claim that an
objectionable venireperson actually sat on the jury. No harm is shown.

 Appellant also claims trial counsel was ineffective because of his failure to call
two witnesses who were at the scene of the arrest to testify for appellant. "A
defendant may base an ineffective assistance claim on an attorney's failure to present
witnesses only if the defendant can show that the witnesses were available and their
testimony would have benefitted the defendant." Rangel v. State, 972 S.W.2d 827,
828 (Tex. App.--Corpus Christi 1998, pet. ref'd); Hunnicutt v. State, 531 S.W.2d
618, 625 (Tex. Crim. App. 1976). Appellant has not presented any information that
satisfies either part of this requirement.

 Appellant's fourth claim of ineffective assistance of counsel protests a failure
by trial counsel to adequately investigate appellant's complaints regarding his prior
convictions. The reporter's record is not developed to the extent that we can
determine what the trial counsel may or may not have done. As an appellate court,
we may only consider the record evidence and make reasonable inferences from it. 
We must indulge the strong presumption that counsel's conduct falls within the wide
range of reasonable professional assistance. See Jackson v. State, 877 S.W.2d 768,
771 (Tex. Crim. App. 1994).

 Appellant's final claim of ineffective assistance of counsel protests trial
counsel's failure to object to the imposition of a sentence which exceeded the proper
range of punishment for the possession of heroin charge against him. The reporter's
record reflects that trial counsel was aware of the punishment range applicable to the
heroin offense. Here, the proper remedy for his failure to object to the improper
sentence is re-sentencing by the trial court. 

 Appellant's trial counsel met at least the minimal standards for effective
assistance of counsel set forth by the United States Supreme Court and the Texas
Court of Criminal Appeals. Appellant's fourth point of error is overruled.

 The judgment is affirmed and remanded for re-sentencing.


 MELCHOR CHAVEZ

 Justice


Publish.

Tex. R. App. P. 47.3.


Opinion delivered and filed this

the 25th day of May, 2000.


1. Tex. Health & Safety Code Ann., § 481.115(a) (b) (c) (Vernon 1992).